CURLESS v CURLESS

Docket No. 77833. Submitted August 16, 1984, at Lansing.—Decided
    September 18, 1984. Leave to appeal denied, 419 Mich —.
  S. Jane Curless, plaintiff, and Gary E. Curless, defendant, were
    divorced by order of the Kent Circuit Court, Robert A. Benson,
    J. Plaintiff had been granted temporary custody of the parties'
    two minor children after she filed for divorce. Following the
    trial, permanent custody of the children was awarded to defen-
    dant. Plaintiff appeals. *Held:*
      The trial court did not abuse its discretion in finding that no
    established custodial environment existed and did not make
    findings of fact against the great weight of the evidence or
    commit a palpable abuse of discretion or a clear legal error on
    a major issue in granting custody to defendant. Plaintiff's claim
    of error is without merit.
      Affirmed.

1. PARENT AND CHILD — CHILD CUSTODY — CHANGE OF CUSTODY —
    ESTABLISHED CUSTODIAL ENVIRONMENT.
    A trial court's authority to modify a child custody award is
      limited to changing an established custodial environment only
      when it is presented with clear and convincing evidence that it
      is in the best interest of the child (MCL 722.27[c]; MSA
      25.312[7][c]).

2. PARENT AND CHILD — CHILD CUSTODY — CHANGE OF CUSTODY —
    ESTABLISHED CUSTODIAL ENVIRONMENT.
    The first step in considering a change in child custody is to
      determine whether an established custodial environment exists,
      because it is only then that the court can determine what
      burden of proof must be applied; absent the existence of an
      established custodial environment, the trial court is free to
      modify custody simply by determining the child's best interest
      by a mere preponderance of evidence rather than by the clear
      and convincing evidence standard that applies where an estab-

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 24 Am Jur 2d, Divorce and Separation §§ 1003-1011.
  59 Am Jur 2d, Parent and Child § 44.

lished custodial environment exists (MCL 722.23, 722.27[c]; MSA 25.312[3], 25.312[7][c]).

*George S. Buth* and *George T. Krupp,* for plaintiff.

*Varnum, Riddering, Schmidt & Howlett* (by *Bruce A. Barnhart* and *Andrea D. Andrews),* for defendant.

Before: CYNAR, P.J., and WAHLS and S. T. FINCH,* JJ.

PER CURIAM. Plaintiff wife filed for divorce from defendant, asking for permanent custody of their two minor children, Christopher, born April 8, 1972, and Amy, born January 8, 1976. The circuit court awarded temporary custody to plaintiff. Following a trial, permanent custody of the children was awarded to defendant. Plaintiff appeals as of right.

Among those who testified at the trial were two expert witnesses, Scott Wagner and Dr. Charles Laufer. Wagner, a family counselor and social worker at the Family Services Association, had been appointed by the trial court to evaluate the situation. Wagner met with plaintiff and defendant separately shortly after the divorce complaint was filed. He also met with both of them and the children in joint sessions. Wagner also interviewed several of the children's school teachers and the school psychologist. After meeting with all interested parties over a period of time, Wagner concluded that both parents had strong emotional ties with each of the children. He found that plaintiff had had more daily contact with the children during the marriage. Wagner found that plaintiff

---

* Circuit judge, sitting on the Court of Appeals by assignment.

was filled with anger and often was depressed about the divorce, while defendant appeared to have accepted the divorce, focusing instead on arranging visits by the children. Wagner was not able to indicate to the trial court the children's preference as to their parents, feeling that they were of an insufficient age to express a preference.

Dr. Charles Laufer, a clinical psychologist, testified as plaintiff's expert witness. Plaintiff had been referred to him by her attorney. Laufer met with plaintiff and the two children. However, he never met with defendant until after making his recommendations. He did not contact the children's teachers or the school psychologist. Laufer found that the children viewed their father as distant, feeling that maybe he did not like them. Their relationship with plaintiff, however, was emotionally close, with the children viewing their mother as very protective of their interests.

Plaintiff testified that she had filed for divorce because of a breakdown in communication between herself and defendant. She claimed that defendant rarely expressed an interest in participating in social events and that he often was out of town on business. Plaintiff testified that the children had expressed a reluctance to go with defendant on their assigned weekend visits. She considered herself to be a fit and proper parent.

In his testimony, defendant stated that he had been actively involved in the raising of the children. He testified that, shortly after plaintiff filed for divorce, she prevented him from visiting the children. She has continued to be uncooperative.

Based on the testimony and the reports submitted to the trial court, the circuit court awarded custody of the children to defendant. Pursuant to the mandate of MCL 722.23; MSA 25.312(3), the

trial court considered numerous factors in awarding custody. Among the factors examined, the willingness and ability of each of the parents to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent was a crucial factor in the court's decision. The trial court felt that defendant would work harder to foster such a relationship. The court found that defendant was more willing to cooperate in all matters, as plaintiff harbored antagonism toward defendant which would hinder his relationship with the children. The court found that no established custodial environment existed.

Did the trial court err in its decision to award permanent custody of the children to defendant?

A trial court's authority to modify a child custody award is limited to changing an "established custodial environment" only when it is presented with "clear and convincing evidence that it is in the best interest of the child". MCL 722.27(c); MSA 25.312(7)(c).

The first step in considering a change in custody is to determine whether an established custodial environment exists. It is only then that the court must determine what burden of proof must be applied. *Baker v Baker,* 411 Mich 567; 309 NW2d 532 (1981). Absent the existence of an established custodial environment, the trial court is free to modify custody simply by determining the child's best interest by a mere preponderance of evidence.

In this case, the trial court found that no established custodial environment existed, feeling that the children had not been living in a stable environment since the divorce proceedings had commenced. The court could not presume an established custodial environment by reference only to the temporary custody order, but was required to

look into the actual circumstances of the case. Here, defendant had indicated that he was going to contest the custody at the time plaintiff was awarded temporary custody. There was testimony at trial that the children had spent significant amounts of time with defendant since the separation. The environment in which the children found themselves was not stable, as defendant felt that plaintiff was uncooperative in allowing him to visit the children and that she actually discouraged the children from seeing him. The children were aware of the relationship between their parents and that plaintiff's custody may have been temporary. Given the evidence presented, the trial court did not abuse its discretion in finding that no established custodial environment existed.

By virtue of the trial court's conclusion on the existence of an established custodial environment, it no longer was bound by the clear and convincing evidence standard. Rather, it was required to examine whether the children's best interests called for a change of custody. Pursuant to MCL 722.23; MSA 25.312(3), the trial court was required to consider, evaluate and determine the children's best interests through use of the following factors:

"Sec. 3. 'Best interests of the child' means the sum total of the following factors to be considered, evaluated, and determined by the court:

"(a) The love, affection, and other emotional ties existing between the parties involved and the child.

"(b) The capacity and disposition of the parties involved to give the child love, affection, and guidance and continuation of the educating and raising of the child in its religion or creed, if any.

"(c) The capacity and disposition of the parties involved to provide the child with food, clothing, medical care or other remedial care recognized and permitted

under the laws of this state in place of medical care, and other material needs.

"(d) The length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity.

"(e) The permanence, as a family unit, of the existing or proposed custodial home or homes.

"(f) The moral fitness of the parties involved.

"(g) The mental and physical health of the parties involved.

"(h) The home, school, and community record of the child.

"(i) The reasonable preference of the child, if the court deems the child to be of sufficient age to express preference.

"(j) The willingness and ability of each of the parents to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent.

"(k) Any other factor considered by the court to be relevant to a particular child custody dispute."

Based on a careful examination of the record, we find that the court's determination of the children's best interests was fully supported by the evidence. The trial court properly followed the statutory procedure, going through each factor and stating its finding on each one. The court found that defendant would be more willing to facilitate and encourage a close and continuing parent-child relationship between the children and plaintiff. The court was unwilling to consider the preference of the children, given their age. Such a conclusion is clearly within the trial court's discretion. *Baker, supra.* Our review of this matter does not indicate that the trial court made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue. We do not find merit in plaintiff's claim of error. MCL 722.28; MSA 25.312(8).

Affirmed.