## DeVRIES v DeVRIES

Docket No. 97774. Submitted July 7, 1987, at Lansing. Decided September 21, 1987.

Plaintiff, Irene C. DeVries, and defendant, Robert A. DeVries, were married in 1976. In 1981, twin daughters were born. One daughter, Lynn, is a normal, healthy girl; the other, Catherine, is severely and permanently handicapped by multiple birth defects. Plaintiff filed a complaint for divorce in Midland Circuit Court in 1985. The court issued a temporary order awarding plaintiff physical custody of both children and exclusive use of the marital home. On November 24, 1986, the court, Tyrone Gillespie, J., issued its opinion, finding that there was not necessarily an established custodial environment with the mother and then going through the statutory factors used to define the best interests of the children. On that basis, the court concluded that defendant could provide the best custodial environment for Lynn and plaintiff could provide the best custodial environment for Catherine. The divorce judgment was entered reflecting that the parties share joint legal custody of the children and granting physical custody of Lynn to defendant and physical custody of Catherine to plaintiff. Plaintiff appealed.

The Court of Appeals *held:*

The trial court's failure to find that there was an established custodial environment in the home of the plaintiff was a clear legal error on a major issue. The evidence presented established that a custodial environment existed with plaintiff. Because there was clear legal error in failing to find an established custodial environment in the home of the plaintiff, it is necessary to determine whether there was clear and convincing evidence to support the change in the physical custody of Lynn. The case is remanded to the trial court for that determination.

*Reversed and remanded.*

REFERENCES

Am Jur 2d, Divorce and Separation §§ 1003 *et seq.*

Am Jur 2d, Parent and Child §§ 23 *et seq.*

Divorce: power of court to modify decree for support of child which was based on agreement of parties. 61 ALR3d 657.

1. APPEAL — PARENT AND CHILD — CHILD CUSTODY.

All orders and judgments of a circuit court in a child custody matter must be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue (MCL 722.28; MSA 25.312[8]).

2. PARENT AND CHILD — CHILD CUSTODY — CHANGE OF CUSTODY.

A court must find clear and convincing evidence that a change of custody is in a child's best interest before such a change is ordered after a custodial environment has been established (MCL 722.27[c]; MSA 25.312[7][c]).

3. PARENT AND CHILD — CHILD CUSTODY ACT — ESTABLISHED CUSTODIAL ENVIRONMENT.

An "established custodial environment" under the Child Custody Act depends on a custodial relationship of a significant duration in which the child is provided the parental care, discipline, love, guidance, and attention appropriate to his age and individual needs, and a relationship between the custodian and child which is marked by qualities of security, stability, and permanence (MCL 722.27; MSA 25.312[7]).

*Wilson & Donoghue* (by *James E. Wilson*), for plaintiff.

*Sidney B. Schneider,* for defendant.

Before: M. J. KELLY, P.J., and BEASLEY and P. EDWARDS,* JJ.

M. J. KELLY, P.J. Plaintiff, Irene Claire DeVries, appeals as of right from the child custody provisions of a divorce judgment entered on December 23, 1986. We reverse and remand for further proceedings consistent with this opinion.

Plaintiff and defendant were married on June 26, 1976. On December 24, 1981, their twin daughters, Catherine and Lynn, were born. Lynn is a normal, healthy young girl; however, her sister Catherine suffers from multiple birth defects.

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

Catherine is severely and permanently handicapped. She is nearly blind, cannot walk, talk or feed herself, and functions at a six- to twelve-month-old level.

Both children have lived in the marital home, a farm in rural Midland County, since birth. Lynn was attending St. John's Lutheran preschool program three afternoons a week and Cathy was enrolled in a special education program in Midland.

Both parents are well educated and work full time. Plaintiff has bachelor's degrees in both physiology and biology and has completed some course work towards a master's degree. She is employed as a toxicologist at Dow Corning Corporation with a gross pay of approximately $35,000 per year. Defendant holds a Ph.D. in organic chemistry and is employed as a project leader at Dow Chemical, with a gross pay of approximately $42,000 per year.

Because both parents worked full time during the marriage, the children were cared for during the day by Blanch Loerbrich. There is a close bond between the children and Mrs. Loerbrich. Subsequent to the separation, plaintiff dismissed Loerbrich; however, Loerbrich has continued to care for the children during their visitation with defendant.

Plaintiff filed a complaint for divorce in August, 1985. At a hearing held on January 24, 1986, the Friend of the Court recommended that a temporary order be entered granting physical custody of both children to plaintiff. On February 21, 1986, the trial court issued a temporary order awarding plaintiff physical custody of both children and exclusive use of the marital home. Defendant had previously moved out of the marital home the last week in January, 1986, and moved into an apart-

ment in town. Defendant has had visitation with both children on alternate weekends and on Tuesday and Thursday nights. He has also had the children for one week while plaintiff was on a business trip and for two weeks in the summer of 1986.

The trial court issued its opinion on November 24, 1986. After first determining that there was not necessarily an established custodial environment with the mother, the trial court went through the eleven factors used to define the best interests of the child in MCL 722.23; MSA 25.312(3). On that basis the trial court concluded that defendant husband could provide the best custodial environment for Lynn and plaintiff wife could provide the best custodial environment for Catherine. Consequently, the divorce judgment reflects that the parties share joint legal custody of the children and physical custody is as described above.

Because a divorce judgment is equitable in nature, appellate review is de novo. See *Diephouse v Diephouse,* 127 Mich App 526, 530; 339 NW2d 42 (1983); *Hensley v Hensley,* 357 Mich 3, 5-6; 97 NW2d 615 (1959). However, this Court's review of child custody determinations is limited by MCL 722.28; MSA 25.312(8), which provides:

> To expedite the resolution of a child custody dispute by prompt and final adjudication, all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue.

On appeal plaintiff argues that the trial court erred in failing to expressly determine whether an established custodial environment existed or alter-

natively that it clearly erred in holding that such an environment did not exist. MCL 722.27(1)(c); MSA 25.312(7)(c) provides in pertinent part:

> The court shall not modify or amend its previous judgments or orders or issue a new order so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child. The custodial environment of a child is established if over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort. The age of the child, the physical environment, and the inclination of the custodian and the child as to permanency of the relationship shall also be considered.

Under this statute, once a custodial environment has been established, a court must find by clear and convincing evidence that a change would be in the best interest of the child before the change can be ordered. *Meyer v Meyer,* 153 Mich App 419, 422; 395 NW2d 65 (1986); *Lyons v Lyons,* 125 Mich App 626, 632; 336 NW2d 844 (1983).

The trial court in its opinion recognized its responsibility to determine whether an established custodial environment existed. However, the trial court concluded "that the established custodial environment is not necessarily with the mother."

A determination of whether an established custodial environment existed was crucial to a speedy resolution of this case. Both parents expressed a desire to have physical custody of both children and there was substantial testimony that both parties are good parents. Under these circumstances it was critical that the trial court reach a definite and clear finding on this question. We find that the trial court's statement quoted above falls short of a definite and clear finding on this issue.

The fact that the children were placed with plaintiff under a temporary order does not relieve the trial court of the responsibility of making a definite finding on this issue. "Our concern is not with the reasons behind the custodial environment but with the existence of such an environment." *Schwiesow v Schwiesow,* 159 Mich App 548, 557; 406 NW2d 878 (1987).

In *Baker v Baker,* 411 Mich 567; 309 NW2d 532 (1981), the Supreme Court defined an established custodial environment as one of "significant duration" in which the child "was provided the parental care, discipline, love, guidance and attention appropriate to his age and individual needs; an environment in both the physical and psychological sense in which the relationship between the custodian and the child is marked by qualities of security, stability and permanence." *Id.* at 579-580.

Upon de novo review of the evidence presented, we are persuaded that a custodial environment was established with the mother. Both children always lived at the family farm and had an established life there. The testimony of Charles A. McGinnis, a marriage and family therapist and psychologist who interviewed plaintiff and visited both minor children in their home, supports this finding. He described the family setting with plaintiff as warm, affectionate, positive, relaxed and enjoyable. Likewise, the testimony of Mary Fordyce, the investigator for the Friend of the Court who holds a master's degree in child development and had visited the home on approximately seven occasions, also supports this conclusion. She found plaintiff's relationship with the children "very warm and very loving."

The trial court's failure to find that there was an established custodial environment in the home of the plaintiff was a clear legal error on a major

issue. Because we hold there was clear legal error in failing to find an established custodial environment in the home of the plaintiff, it becomes necessary to determine whether there was clear and convincing evidence to support the change in the physical custody of Lynn. For this reason we remand this case to the trial court.

Plaintiff also argues that the trial court's decision to separate the children was against the great weight of the evidence. However, because we have held that the trial court erred in finding no custodial environment, on remand it will be necessary for the trial court to decide custody in that context and that subsequent decision must now be supported by clear and convincing evidence.

Reversed and remanded.