WILSON v WILSON

Docket No. 105255. Submitted April 12, 1989, at Detroit. Decided June 1, 1989.

Plaintiff, Mary L. Wilson, and defendant, William M. Wilson, were divorced on November 20, 1987, by judgment of the Wayne Circuit Court, John H. Hausner, J. The court found that the parties were equally at fault for the breakdown of the marriage and that the marriage had ended in 1980 when plaintiff had stopped cooking and otherwise caring for defendant and had begun sleeping in a different room from defendant because he had stopped giving her money and was seeing other women. The court also found that the settlement of a lawsuit filed by the parties following the loss of one of defendant's eyes as the result of a 1983 lawn mower accident occurred after the marriage ended in 1980 and awarded defendant the balance of the settlement after plaintiff's medical bills and mortgage payments up to the time of the divorce were paid. Plaintiff was also awarded $50 per week alimony. Plaintiff appealed.

The Court of Appeals *held:*

1. The trial court erred in its division of the marital property, particularly the proceeds of the settlement for defendant's eye injury. The marriage did not end in 1980, as determined by the trial court, but in 1987. The settlement for the eye injury therefore was a marital asset. The court erred in not distributing the settlement between the parties. Plaintiff should be awarded one-half of the $28,000 balance remaining of the settlement funds.

2. The court erred in refusing to order defendant to pay any of plaintiff's attorney fees. At least one-half of plaintiff's attorney fees were necessitated by defendant's failure to comply

REFERENCES

Am Jur 2d, Divorce and Separation §§ 589-591, 617.

Authority of divorce court to award prospective or anticipated attorneys' fees to enable parties to maintain or defend divorce suit. 22 ALR4th 407.

with the trial court's interim orders. Defendant is ordered to pay one-half of plaintiff's attorney fee.

3. The alimony award entered by the trial court is just and reasonable and need not be disturbed.

Affirmed in part, reversed in part, and remanded to the trial court for modification of the judgment of divorce.

1. HUSBAND AND WIFE — MARITAL RIGHTS — ACQUISITION OF PROPERTY.

Marital rights to acquired property do not end simply because the spouses have an antagonistic living arrangement; there must be some external public manifestation by the spouses of intent to end the marriage.

2. DIVORCE — ATTORNEY FEES — COURT RULES.

A trial court in a divorce action may award attorney fees when required to enable a party to carry on or defend the action (MCR 3.206[A]).

Senior Citizens Legal Aid Project (by *Scott Bassett* and *Anne M. McCarthy*), for plaintiff.

Before: MACKENZIE, P.J., and HOOD and BRENNAN, JJ.

PER CURIAM. Plaintiff appeals as of right from the property settlement and alimony provisions of a November 20, 1987, judgment of divorce entered in the Wayne Circuit Court. We reverse in part and remand to the trial court for a modification of the judgment of divorce.

The record evidence establishes that plaintiff and defendant were married in 1957. Plaintiff had one child by a prior marriage but no children were born to this marriage.

Both plaintiff and defendant worked during the marriage. Plaintiff worked for twenty-nine years, until 1978, at a laundry. Following that, she did reupholstery work at Ford Motor Company for two years. Plaintiff then did domestic work, caring for invalids in their homes until she herself became too ill to work. Presently, plaintiff has cancer "in

her glands" and also suffers from high blood pressure, anemia, and arthritis. Plaintiff was sixty-six years old and defendant was sixty-three years old at the time of the divorce.

Defendant worked for thirty-nine years for GLC Construction. He was laid off in 1980 after his leg was injured when he was hit by a car. Defendant received compensation from his auto insurance company for that injury. In 1983, defendant lost an eye as a result of an accident with a lawn mower. Defendant received a settlement of $75,000 in a lawsuit on this injury brought by both parties in a cause of action for personal injury and loss of consortium. Net proceeds, after attorney fees and costs, were $49,500, which was received in a check made payable to both parties. Plaintiff claimed that half of the proceeds from the settlement were to go to her and half to defendant. Defendant claimed that no agreement had been made to give plaintiff half the proceeds and that he had voluntarily given her $4,969 of his net proceeds of $49,500.

Plaintiff and defendant, with plaintiff's son and his wife, as tenants in common purchased a two-family home on Fullerton Street in Detroit. Plaintiff and defendant lived in the first-floor flat. Plaintiff's son and his wife lived in the second-floor flat. When plaintiff filed the present divorce action in February, 1987, she moved upstairs with her son, and defendant remained in the lower-floor flat.

Plaintiff testified that she moved out because defendant threatened her with a gun, that her marriage to defendant had not been a happy one, and that defendant "was going around with other woman [sic], one after another." Defendant's alleged philandering started around 1966, "got a little better for awhile" and then got worse.

Plaintiff receives a monthly social security pay-

ment of $332, but has no pension. Defendant receives a disability payment of $664 and a union pension payment of $229. Both parties are unable to work because of poor health.

Plaintiff began two prior divorce actions, one in 1971, another in the early 1980s. She went to a marriage counselor in 1971, although defendant did not. Plaintiff testified to abuse which she described as defendant's cursing at her, pulling a gun on her, and threatening her. She stopped sleeping with defendant in 1980, although defendant claimed it was before that. Plaintiff testified that, even though she did sleep in a different room from defendant after 1980, she continued to care for him and his needs. Defendant testified that plaintiff stopped caring for all his needs when she stopped sleeping with him.

The court granted the divorce judgment and found equal fault. The court stated that plaintiff failed to prove satisfactorily that defendant went out with other women. The court found that plaintiff's unwillingness to "be a full wife" and defendant's physical threats to plaintiff had both contributed to the breakdown of the marriage and that the marriage had "ended" in 1980 when, the Court determined, plaintiff had stopped cooking and otherwise caring for defendant because he stopped giving her money.

The court also found that the settlement for the eye injury occurred after the marriage ended in 1980 and therefore awarded the balance of the settlement to defendant, after payment of plaintiff's medical bills and mortgage payments up to the time of the divorce. Plaintiff was also awarded alimony of $50 per week, and plaintiff and defendant were each held responsible for their own attorney fees. This appeal followed.

This Court reviews property settlements and the

award of alimony in divorce cases de novo on the record. We will not, however, substitute our judgment for that of the trial court unless we are convinced that an abuse of discretion has occurred or we are convinced that we would have reached a different result. *Thomas v Thomas (After Remand),* 164 Mich App 618, 622; 417 NW2d 563 (1987); *Bone v Bone,* 148 Mich App 834, 838; 385 NW2d 706 (1986).

The trial court's objective in arriving at a property settlement is to reach a fair and equitable division in light of all of the circumstances. *Vance v Vance,* 159 Mich App 381, 385-386; 406 NW2d 497 (1987), lv den 429 Mich 870 (1987). The division of property does not have to be equal, but it must not be inequitable. *Id.* In making the division, the trial court must examine several factors:

> [T]he duration of the marriage, contributions of the parties to the joint estate, the parties' station in life and earning abilities, fault or past misconduct, and other equitable circumstances. *Parrish v Parrish,* 138 Mich App 546, 558; 361 NW2d 366 (1984). [*Id.*]

In applying these factors to the instant case, we find that the trial court erred in its division of the marital property, particularly the proceeds of the settlement for defendant's eye injury.

We disagree completely with the trial court's conclusion that the marriage in this case "ended in 1980," thereby curtailing the wife's right to property acquired by the husband after 1980 but before the actual separation or filing of a complaint. The acts seen by the trial court as ending the marriage are insufficient to end a marriage and to end the rights included within that marriage without some external public manifestation

of intent by the parties, such as moving out or filing a complaint for divorce.

Here, plaintiff filed an action in the early 1980s but did not go through with it. This present action for divorce was begun in 1987. Plaintiff moved to the upstairs flat in 1987.

The court's finding that the marriage "ended" while the couple was still living together in the same home, even though in separate bedrooms, thereby ending marital rights to acquire property simply because of an antagonistic living arrangement, is not acceptable. Under such circumstances, it could be argued that a spouse is no longer a spouse for purposes of inheritance, for example, if that spouse maintains a separate bedroom or does not provide food money or does not cook. The public policy interest in maintaining the marriage bond and the concomitant rights within it would be severely threatened if a court could find that a marriage has ended seven years before either party gives any overt or public indication to that effect.

We find that the marriage did not end in 1980, but in 1987. The settlement money was, therefore, a marital asset. The trial court erred in not distributing this personal injury settlement money between the parties. We therefore find that plaintiff should be awarded one-half of the $28,000 balance which both parties agreed remained of the settlement funds.

We also find that the trial court erred in refusing to award plaintiff any portion of her attorney fees.

MCR 3.206(A) provides in pertinent part:

（1) In any domestic relations action, either party may request that the court order the other spouse

to pay an attorney a specified sum to enable that party to prosecute or defend the action.

(2) The moving party must allege facts showing that he or she is unable to bear the expense of the action without this aid. The court may require the disclosure of attorney fees or other expenses already paid.

(3) The court may order that a necessary and reasonable sum be paid to the attorney, either directly by the other spouse or from the spouse's assets over which the court has jurisdiction.

The award of attorney fees by the trial court in a divorce action is not

as a matter of right, but only when required to enable a party to carry on or defend the action. *Vaclav v Vaclav,* 96 Mich App 584, 593; 293 NW2d 613 (1980). A trial court's award of attorney fees will not be disturbed on appeal absent a manifest abuse of discretion. *Id.* [*Rapaport v Rapaport,* 158 Mich App 741, 752; 405 NW2d 165 (1987), modified on other grounds in denial of appeal, 429 Mich 876 (1987), reconsideration denied 430 Mich 875 (1988).]

Plaintiff owes her attorney $3,693. She claims she cannot pay this fee and defendant can and should. We agree that defendant should pay at least part of the attorney fees. In this case, plaintiff is not working; neither is defendant. Plaintiff receives $332 as income per month plus $200 in alimony. This does not meet plaintiff's monthly expenditures. The only asset owned by plaintiff is the real property in which she has one-quarter interest, as does defendant. However, if she sells that interest to pay her attorney, she will have created an additional expense of renting a place to live.

Defendant, on the other hand, not only has

double the income of plaintiff, but also has the balance of the personal injury settlement. Since we are ordering that plaintiff now receive one-half of those funds we might conclude that she can now pay her entire attorney fees. However, our review of the record convinces us that at least one-half of plaintiff's attorney fees were necessitated by defendant's failure to comply with the trial court's interim orders. We therefore order that defendant pay one-half of plaintiff's $3,693 attorney fee.

In view of our disposition of the property settlement and attorney fee issues, we find no need to disturb the alimony award entered by the trial court as it is now just and reasonable under the circumstances of the case. *Ackerman v Ackerman,* 163 Mich App 796, 803; 414 NW2d 919 (1987).

At oral argument plaintiff indicated that she was abandoning her remaining argument, that the trial court erred in granting defendant exclusive right to occupy one-half of the real estate although he only held an undivided one-quarter interest. Therefore, we need not address this issue.

Affirmed in part, reversed in part, and remanded to the trial court for modification of the judgment of divorce consistent with this opinion.