MOSER v MOSER

Docket No. 118971. Submitted January 3, 1990, at Grand Rapids.
Decided June 4, 1990.

Plaintiff, Gale E. Moser, Jr., and defendant, Diane L. Moser, were
divorced by order of the Ottawa Circuit Court, Calvin L. Bos-
man, J., and custody of the parties' two minor children was
granted to plaintiff. Defendant appealed.

The Court of Appeals *held:*

1. The trial court did not err in awarding permanent custody
of the children to plaintiff even though defendant, pursuant to
an interim order, had temporary custody of the children for
approximately fifteen months prior to the judgment of divorce.
The court made specific findings of fact regarding the absence
of an established custodial environment with defendant, and
those findings are not against the great weight of the evidence.
The court committed neither a palpable abuse of discretion nor
a clear legal error in awarding permanent custody of the
children to plaintiff.

2. The trial court did not err in splitting the total marital
estate evenly between the parties. The court considered all the
relevant factors, and there is ample support in the record for
the court's findings as to those factors. The division of the
marital estate was equitable.

3. The trial court did not err in awarding defendant $65 per
week in alimony. Under the circumstances, awarding $65 per
week alimony was a proper and equitable exercise of the
court's discretion.

Affirmed.

MICHAEL J. KELLY, J., dissented as to the child custody issue.
He would hold that the trial court erred in finding that,
because it was the initial divorce action and custody had been
at issue during the fifteen-month period defendant had tempo-
rary custody of the children, the court was precluded from
determining that an established custodial environment existed

REFERENCES
Am Jur 2d, Divorce and Separation §§ 617, 625, 653, 915-918, 927,
970, 974.
Divorce: equitable distribution doctrine. 41 ALR4th 481.

with the defendant. He would find an established custodial environment in defendant and would reverse the trial court's holding that it was precluded from concluding that an established custodial environment existed and remand to the trial court for a custody determination based on the existence of a custodial environment with the mother from the date of the interim order through the date of the change of the custody order. Custody from the date of the change of the custody order to the date of the hearing on remand would not be considered.

1. PARENT AND CHILD — CHILD CUSTODY — APPEAL.

All orders and judgments of a circuit court in a child custody matter must be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue (MCL 722.28; MSA 25.312[8]).

2. PARENT AND CHILD — CHILD CUSTODY.

The fact that a mother had temporary custody of her minor children for a period of fifteen months pursuant to an interim order in a divorce action does not prevent the court from finding that no established custodial environment existed in the mother or from granting permanent child custody to the children's father on the basis that it is in the best interests of the children to do so.

3. DIVORCE — PROPERTY DIVISION — APPEAL.

The Court of Appeals reviews property settlements in divorce cases de novo on the record but will not reverse or modify a property division unless convinced that an abuse of discretion occurred or that it would have reached a different result had it occupied the position of the trial court.

4. DIVORCE — PROPERTY DIVISION.

The objective in arriving at a property settlement is to attain a division which is fair and equitable in light of all the circumstances; in making a division of property, the trial court must examine the duration of the marriage, contributions of the parties to the joint estate, the parties' station in life and earning abilities, fault or past misconduct, and other equitable circumstances.

5. DIVORCE — ALIMONY — APPEAL.

The grant or denial of alimony lies within the sound discretion of the trial court; the Court of Appeals will not modify an award of alimony unless it is convinced that an abuse of discretion occurred or that it would have reached a different result had it occupied the position of the trial court.

6. DIVORCE — ALIMONY — FAULT.

    A trial court in computing an award of alimony must consider the duration of the marriage, the contributions of the parties to the joint estate, their station in life and earning abilities, fault or past misconduct, and other equitable circumstances.

*Kenneth C. Hoogeboom,* for plaintiff.

*Potuznik, Spaniola, Wilson, Nolan & Hermanson, P.C.* (by *Denis V. Potuznik*), for defendant.

Before: BRENNAN, P.J., and MICHAEL J. KELLY and CYNAR, JJ.

CYNAR, J. Defendant, Diane L. Moser, appeals as of right from the judgment of divorce entered on July 5, 1989, after a bench trial before the Ottawa Circuit Court. On August 4, 1989, this Court granted defendant's motion for immediate consideration, but denied her motion for stay of proceedings. We affirm.

Defendant argues first that the trial court erred in awarding permanent custody of the minor children from the marriage to plaintiff, Gale E. Moser, Jr. We disagree.

Because a divorce judgment is equitable in nature, appellate review is de novo. *DeVries v DeVries,* 163 Mich App 266, 269; 413 NW2d 764 (1987). However, our review of child custody determinations is limited by MCL 722.28; MSA 25.312(8), which provides:

    To expedite the resolution of a child custody dispute by prompt and final adjudication, all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue.

Nevertheless, the trial court's ability to modify a previous custody order is itself limited by MCL 722.27(1)(c); MSA 25.312(7)(1)(c), which provides:

(1) If a child custody dispute has been submitted to the circuit court as an original action under this act or has arisen incidentally from another action in the circuit court or an order or judgment of the circuit court, for the best interests of the child the court may:

\* \* \*

(c) Modify or amend its previous judgments or orders for proper cause shown or because of change of circumstances until the child reaches 18 years of age. *The court shall not modify or amend its previous judgments or orders or issue a new order so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child.* The custodial environment of a child is established if over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort. The age of the child, the physical environment, and the inclination of the custodian and the child as to permanency of the relationship shall also be considered. [Emphasis added.]

See also *Curless v Curless,* 137 Mich App 673; 357 NW2d 921 (1984) (affirming trial court's award of permanent custody in father where mother had temporary custody prior to final judgment of divorce).

In this case, pursuant to an interim order, defendant had temporary custody of the children for about fifteen months prior to issuance of the trial court's written opinion on May 19, 1989, following the divorce trial which concluded on May 3, 1989. In its opinion, the trial court made specific findings

of fact, which we find are supported in the record, regarding the absence of an established custodial environment with defendant, stating in pertinent part:

> The capacity and disposition of competing parties to provide the children with food, clothing, medical care or other remedial care recognized and permitted under the laws of this state in lieu of medical care, and other material needs.
>
> This factor favors the father. Plaintiff is gainfully employed and defendant is not but with plaintiff paying adequate support each would have the capacity to provide the physical necessities for the children.
>
> Defendant does not have the disposition to do so as does plaintiff. An example when each of the children were in need of attention plaintiff had to call his sister to care for Ryan, ill with the chicken pox, and to take Sarah who was injured for medical treatment at a time when defendant was not employed but engaged in extracurricular activities which she chose over providing the care for her children.
>
> * * *
>
> The home, school and community record of the children is a factor which favors the father, especially in the case of Sarah the older child. Sarah, the thirteen year old daughter, is doing very poorly in school while under defendant's primary care. During the first semester of her seventh grade, when her father lived at home, she missed three days of school. The second semester, after the parties separated and she lived with her mother, Sarah missed sixteen days of school. During the first six weeks of the eighth grade while living with her mother, she already missed seven and one half days of school. Her mother claims Sarah was excessively ill but there is no identification of the illnesses. The pattern seems more consistent with plaintiff's testimony that defendant stayed in bed until approximately fifteen

minutes before the children are scheduled to go to school and his testimony that she doesn't require the children to do anything that they don't want to do. Sarah definitely needs a parent who is more organized and structured and insistent on better performance from her.

The trial court concluded:

The evidence indicates that Mrs. Moser is basically disfunctional [sic] as a parent and homemaker. She chooses activities which occupy her time, take her away from the home and are primarily self gratifying without benefit for her children or family. When a choice is to be made between these activities and her children she chooses her activities. Although the father's job will take him away from the home for a significant period of each working day, this Court believes he is more capable of providing a consistent, reliable structure upon the activities of the children with predictable outcomes for their behavior.

We do not find that the court's findings of fact were against the great weight of the evidence, nor that the court committed a "palpable abuse of discretion or a clear legal error" in awarding permanent custody of the minor children to plaintiff. MCL 722.28; MSA 25.312(8).

Defendant argues next that the trial court erred in its division of the marital estate. The trial court split the total marital estate evenly between the parties, however defendant claims she should have been awarded more than a one-half share. Once again, we disagree.

Though our review of property settlements in divorce cases is de novo on the record, we will not substitute our judgment for that of the trial court unless we are convinced that an abuse of discretion has occurred or we are convinced we would

have reached a different result. *Wilson v Wilson,* 179 Mich App 519, 522-523; 446 NW2d 496 (1989). The trial court's objective is to reach a fair and equitable property division in light of all the circumstances. In making the division, the trial court must consider: the duration of the marriage; the contributions of the parties to the joint estate; the parties' station in life and earning abilities; fault or past misconduct; and other equitable circumstances. *Id.*

Our review of the trial court's written opinion in this matter indicates that the trial court considered all of the above factors and more. Further, our review of the record indicates that there was ample support for the court's findings with respect to those factors. The trial court did not abuse its discretion, nor do we find that we would have reached a different result in this case. The division of the total marital assets in this case was equitable.

Finally, defendant argues unpersuasively that the trial court erred in awarding her "only" $65 per week in alimony.

The standard of review of an alimony award by our Court is the same as that for property divisions. *Kurz v Kurz,* 178 Mich App 284, 295; 443 NW2d 782 (1989). Moreover, the factors that are to be considered by the trial court in arriving at an appropriate award of alimony are the same as well. *Id.*

In affirming the alimony award in this case as a proper and equitable exercise of the lower court's discretion, we note that the $65 per week sum was ordered by the court to be paid by plaintiff indefinitely, and in addition to an award of alimony in gross in the amount of $37,295 to be paid at the rate of $110 per week, bringing defendant's weekly alimony up to $175 for about 6½ years following

the divorce. Moreover, under the judgment of divorce, defendant retains $20,000 in savings she accumulated working as a beautician at home during the first few years of the marriage, and plaintiff is liable for all debts incurred during the marriage. Further, the record indicates that defendant is capable of gainful employment though she has made only minimal effort to seek work or retraining. We also note, as did the trial court in its opinion, that while defendant apparently has some minor health problems she did not pursue additional medical care because of an alleged lack of finances, opting instead for a trip to Europe with her children. Under the circumstances, we are definitely not convinced that we would have reached a result different from that of the trial court.

Affirmed.

Brennan, P.J., concurred.

Michael J. Kelly, J. (dissenting). I believe the trial court erred in declining to determine whether an established custodial environment existed with the defendant. The court stated:

> This is the initial divorce action and custody has been at issue precluding this Court from concluding that an established environment has been made for the children.

I find an established custodial environment in the defendant mother. She obtained temporary custody pursuant to an interim order entered February 1, 1988, and that order granted her care, custody, education and control of the children. Trial was commenced December 14, 1988, and concluded May 3, 1989. The court's opinion granting custody to plaintiff husband is dated May 19, 1989, and the judgment effecting the change of

custody and disposition of all matters was entered July 5, 1989. The environment may not have been ideal or exemplary, but that seems to me irrelevant if not unattainable. The fifteen or more months of temporary custody served to create a de facto established custodial environment. To the extent that *Curless v Curless,* 137 Mich App 673; 357 NW2d 921 (1984), injects a further requirement of stability, I think it may have been wrongly decided. Compare *Baker v Baker,* 411 Mich 567; 309 NW2d 532 (1981); *DeVries v DeVries,* 163 Mich App 266; 413 NW2d 764 (1987).

On July 24, 1989, a hearing was conducted on a motion to stay proceedings brought by the defendant wife. An appeal had already been filed in the Court of Appeals and the purpose of the motion was to request a stay of proceedings pending the outcome of the appeal. The defendant's attorney argued essentially that the trial court erred in ruling that there was not a presently existing custodial environment. Counsel stated:

> I would simply point out to the Court that's totally in error, at least we believe it's totally in error, and I make reference to the case of—MCL 722.27(1)(c) [MSA 25.312(7)(1)(c)], also *Arndt v Kasem,* 135 Mich App 252 [353 NW2d 497] (1984), and *Blaskowski v Blaskowski,* 115 Mich App 1 [320 NW2d 268] (1982). And those rules have been established in the last several years, and I will quote: "Michigan statutory and case law make it clear that the changing of an established custodial environment of a child is improper unless the Court is presented with clear and convincing evidence that it is in the best interest of the child." And that's MCL 722.27(1)(c), and also *Arndt v Kasem,* previously quoted.

After twenty or more pages of argument, the trial court ruled as follows:

The Court is going to deny the motion for stay of
proceedings. I feel this was not a particularly close
question with regard to the issue of custody. And
the Supreme Court, through their edicts and
through their court rules, have made a priority
item of custody disputes and resolving them, and I
think that is paramount to this case.

The court then went on to deny the defendant a
stay of thirty days for counsel to request emer-
gency relief in the Court of Appeals. Although I
think it is rather clear how the trial court would
rule if it were required to decide the issue in the
context of a custodial environment having been
established with the mother, I feel it would be
inappropriate to bypass such a procedure. The
circuit judge's decision, based largely as it was on
the mother's inadequate care and attention, is
undercut not only by the court's own opinion that
states that emotional ties between the competing
parties favored the mother, but also by the friend
of the court recommendation to grant custody to
the mother for one year and then "reevaluate the
situation."

I would reverse the trial court's holding that it
was precluded from concluding that an established
custodial environment existed and remand to the
trial court for a custody determination based upon
the existence of a custodial environment with the
mother from the date of the interim order, Febru-
ary 1, 1988, through the date of the change of the
custody order, May 23, 1989. Custody from May
23, 1989, to the date of hearing on remand is not
to be considered.