BOWERS v BOWERS

Docket No. 134298. Submitted May 15, 1991, at Grand Rapids. Decided June 18, 1991, at 9:35 A.M.

Jeffrey A. Bowers obtained a judgment of divorce from Terri K. Bowers in the Benzie Circuit Court, George Van Kula, J., and was awarded custody of both of the parties' children. The defendant appealed the custody determination, claiming that, in light of a pretrial stipulation under which she took temporary custody of one child and the plaintiff took temporary custody of the other, the trial court erred in failing to ascertain whether an established custodial environment existed and in failing to cite sufficient factual bases for its determination under MCL 722.23(a)-(k); MSA 25.312(3)(a)-(k) regarding the children's best interests.

The Court of Appeals *held:*

The trial court clearly erred in failing to ascertain whether an established custodial environment existed and in failing to consider the children's preferences as required by MCL 722.23(i); MSA 25.312(3)(i), requiring remand for a new custody hearing.

1. A temporary custody arrangement that is the result of a stipulation of the parties in an action for divorce is analogous, in terms of intent and effect, to a temporary custody order. In either instance, a trial court must determine whether an established custodial environment exists before issuing a final custody order.

2. The children, ages six and nine, were not too young to express their preferences in terms of custody. The trial court erred in failing to consider their preferences on the ground that they were too young.

Reversed and remanded.

1. Divorce — Child Custody — Temporary Custody — Stipulations — Established Custodial Environment.

A temporary custody arrangement that is the result of a stipula-

References

Am Jur 2d, Divorce and Separation §§ 974, 975, 996.

Child's wishes as factor in awarding custody. 4 ALR3d 1396.

tion of the parties in an action for divorce is analogous, in terms of intent and effect, to a temporary custody order; in either instance, a trial court must determine whether an established custodial environment exists before issuing a final custody order.

2. Divorce — Child Custody — Best Interests of Child.

A trial court in deciding a child custody matter must consider and explicitly state its findings and conclusions regarding each of the statutory factors pertaining to the best interests of the child (MCL 722.23; MSA 25.312[3]).

*Philip A. Clancey & Associates, P.C.* (by *Philip A. Clancey*), for the plaintiff.

*Robert B. Relph,* for the defendant.

Before: Hood, P.J., and McDonald and Fitzgerald, JJ.

Per Curiam. Defendant wife appeals as of right from a Benzie Circuit Court judgment of divorce awarding plaintiff husband custody of their two minor children.

On appeal, defendant contends that the trial court erred in failing to determine whether an established custodial environment existed, and in failing to cite sufficient factual bases for its conclusions on each of the best interest factors of § 3 of the Child Custody Act, MCL 722.23; MSA 25.312(3).

The parties lived together with their children in New Jersey, where plaintiff was stationed in the military, until their separation in October 1987. When plaintiff was thereafter stationed in California, plaintiff, by agreement of the parties, took Joshua, age 9, with him to California, while Jessie, age 6, remained with defendant. The custody arrangement remained in effect during the pendency of the instant action by stipulation of the parties. At trial, both parties requested permanent custody

of both children and requested that the children not be separated.

I

Our review of child custody cases is de novo. *Zuziak v Zuziak,* 169 Mich App 741, 744; 426 NW2d 761 (1988). However, we will affirm custody orders and judgments in a divorce case unless the trial court's factual findings are clearly erroneous. *Beason v Beason,* 435 Mich 791, 803; 460 NW2d 207 (1990). If the trial court's account of the evidence is plausible in light of the record viewed in its entirety, we may not reverse. *Beckett v Beckett,* 186 Mich App 151, 153; 463 NW2d 211 (1990).

A panel of this Court recently held that in original actions involving the determination of custody of children, as opposed to actions for modification or amendment of previous judgments regarding custody, the question whether an established custodial environment existed is irrelevant. *Helms v Helms,* 185 Mich App 680, 682; 462 NW2d 812 (1990). However, prior decisions of this Court have held that in original actions in which a temporary custody order exists, the trial court has the responsibility of making a definite finding regarding the issue of custodial environment. See, e.g., *DeVries v DeVries,* 163 Mich App 266, 271; 413 NW2d 764 (1987); *Schwiesow v Schwiesow,* 159 Mich App 548, 557; 406 NW2d 878 (1987); *Curless v Curless,* 137 Mich App 673, 676-677; 357 NW2d 921 (1984). In light of the circumstances of the instant case, in which there was a very substantial period of time between the initial separation and the time of trial, we find the better-reasoned approach to be that of the *DeVries* line of cases. We believe that a custody arrangement that is the result of a stipulation by the parties is analogous,

in terms of intent and effect, to a temporary custody order. In both instances, the court is required to look into the actual circumstances of the case to determine whether an established custodial environment existed. *DeVries, supra; Curless, supra.* Our concern is not with the reasons behind the custodial environment but with the existence of such an environment. *Schwiesow, supra* at 557.

Upon de novo review of the evidence presented, we are persuaded that each party clearly established a custodial environment with one of the children in the nearly two-year period during which each party had custody of one child. The trial court's failure to find that there was an established custodial environment in the home of plaintiff for Joshua and in the home of defendant for Jessie was a clear legal error on a major issue. Because we hold that there was clear legal error in failing to find an established custodial environment, it is necessary to determine whether there was clear and convincing evidence to support the custody determination. *DeVries, supra* at 271; *Schwiesow, supra* at 557-558. For this reason, we remand this case to the trial court.

## II

To determine the best interests of children in custody cases, the trial court must consider the eleven factors of § 3 of the Child Custody Act.[1] The

---

[1]
(a) The love, affection, and other emotional ties existing between the parties involved and the child.

(b) The capacity and disposition of the parties involved to give the child love, affection, and guidance and continuation of the educating and raising of the child in its religion or creed, if any.

(c) The capacity and disposition of the parties involved to provide the child with food, clothing, medical care or other remedial care recognized and permitted under the laws of this state in place of medical care, and other material needs.

trial court must consider and explicitly state its findings and conclusions with respect to each of these factors. *Daniels v Daniels,* 165 Mich App 726, 730; 418 NW2d 924 (1988).

Here, the trial court considered factors (a) through (k) and explained its findings and conclusions with respect to each factor in its opinion. The court found that factors (a) through (e) and (g) favored plaintiff, although factor (d) was a "close question," and that the parties were relatively equal with respect to factors (f), (h), and (j). Regarding factor (k), any other factor, the court noted that it was in the best interests of the children to keep them from being separated as they had been in the past. The court did not take factor (i), preferences of the children, into consideration because it determined that the children were too young to have a preference.

The children were six and nine years of age at the time of the action. One of the eleven factors a trial judge must consider in a custody dispute is the "reasonable preference of the child, if the court deems the child to be of sufficient age to express preference." MCL 722.23(i); MSA 25.312(3) (i). Children of six, and definitely of nine, years of

(d) The length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity.

(e) The permanence, as a family unit, of the existing or proposed custodial home or homes.

(f) The moral fitness of the parties involved.

(g) The mental and physical health of the parties involved.

(h) The home, school, and community record of the child.

(i) The reasonable preference of the child, if the court deems the child to be of sufficient age to express preference.

(j) The willingness and ability of each of the parents to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent.

(k) Any other factor considered by the court to be relevant to a particular child custody dispute. [MCL 722.23; MSA 25.312(3).]

age are old enough to have their preferences given some weight in a custody dispute, especially where there was a prior custody arrangement. *Stringer v Vincent,* 161 Mich App 429, 434; 411 NW2d 474 (1987). The trial court's failure to interview the children was error requiring reversal. *Id.; Lewis v Lewis,* 73 Mich App 563; 252 NW2d 237 (1977). Where the trial court has failed to analyze the issue of child custody in accord with the mandates of MCL 722.23; MSA 25.312(3) and make reviewable findings of fact, the proper remedy is to remand for a new child custody hearing. *Id.,* at 567. On remand, the trial judge is to consider the preferences of the children when deciding the custody issue.

Reversed and remanded to the trial court for a new child custody hearing.