BARRINGER v BARRINGER

Docket No. 133449. Submitted July 16, 1991, at Detroit. Decided
    August 27, 1991; approved for publication October 22, 1991, at
    9:20 A.M. Leave to appeal sought.

    Debra A. Barringer sought and obtained a divorce from John C.
    Barringer in the Wayne Circuit Court, Marvin R. Stempien, J.
    The parties were awarded joint legal custody of their two
    children, with the defendant having physical custody through-
    out each school year. The plaintiff appealed, claiming that the
    trial court erred with regard to its custody determination.

    The Court of Appeals *held:*

    All orders and judgments of a circuit court in a child custody
    matter are to be affirmed on appeal unless the court made
    findings of fact against the great weight of the evidence or
    committed a palpable abuse of discretion or a clear legal error
    on a major issue. In this case, the trial court did not commit
    error or abuse its discretion in considering the factors enumer-
    ated in MCL 722.23(a)-(k); MSA 25.312(3)(a)-(k) in determining
    that it would be in the children's best interest to award custody
    to the defendant.

    Affirmed.

*Charles E. Raymond,* for the plaintiff.

*James N. Renfroe,* for the defendant.

Before: DOCTOROFF, P.J., and McDONALD and
BRENNAN, JJ.

PER CURIAM. Plaintiff appeals as of right from a
September 21, 1990, judgment of divorce awarding
plaintiff and defendant joint custody of their chil-
dren, with defendant having physical custody dur-
ing each school year. We affirm.

On appeal, plaintiff claims the trial court erred
in granting custody of the couple's two children to

defendant. All orders and judgments of a circuit court in a child custody matter must be affirmed on appeal unless the court made findings of fact against the great weight of the evidence or committed a palpable abuse of discretion or a clear legal error on a major issue. *Moser v Moser,* 184 Mich App 111, 113; 457 NW2d 70 (1990). See also MCL 722.28; MSA 25.312(8). A trial court's decision in a child custody determination must be made in the best interests of the child as defined by factors listed in subsections a through k of MCL 722.23; MSA 25.312(3).

Of the eleven statutory "best interest" factors, the trial court determined eight factors to be either equal between the parties or not applicable. The court found that factor c, which involves the parties' capacity and disposition to provide for the children's food, clothing, and medical needs, favored defendant because of his higher earning capacity. However, the court found that the parties were equally disposed to provide for the children's needs. The court also found that factor j, which deals with the willingness to facilitate relations between the children and the other party, favored defendant because of plaintiff's past interference with visitation. Finally, under factor k, the catchall "[a]ny other factor," the court found that the desirability of maintaining the children's relationship with plaintiff's son, Matthew, favored plaintiff. Plaintiff challenges each of the court's findings, with the exception of the final one, which favored her.

First, plaintiff argues that factor a, dealing with love and affection between the parties and the children, and factor b, dealing with the capacities of the parties to provide love and affection, should have been determined in plaintiff's favor, in light of defendant's prior "abandonment" of plaintiff

and plaintiff's willingness to sacrifice her career to care for the children. However, we note that the three prior separations, which plaintiff terms "abandonment," occurred before the children were born and thus are of minimal relevance to the emotional ties developed after their births. Further, the fact that defendant would continue to work does not mean that he would give less love to the children. In light of the testimony that defendant enjoyed a good relationship with the children, we believe the court's findings with regard to these factors were not against the great weight of the evidence.

Next, plaintiff argues that the trial court improperly emphasized defendant's earning capacity in finding that factor c favored him and that that emphasis placed her, a homemaker, at a disadvantage. See *Mazurkiewicz v Mazurkiewicz,* 164 Mich App 492, 498-499; 417 NW2d 542 (1987). Factor c requires a court to consider the capacity and disposition of parties to provide a child with food, clothing, medical care, and material needs. However, the court noted that the parties' disposition for providing for their children's material needs was equal, and it does not appear that the court placed undue emphasis on defendant's higher salary. Rather, as in *Mazurkiewicz,* it appears that the court was making note of the evidence presented.

Next, plaintiff argues that the length of time the children had lived in plaintiff's custody in the marital home and with plaintiff's son, Matthew, required a finding that factors d and e should favor her. Factor d is "[t]he length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity." Factor e is "[t]he permanence, as a family unit, of the existing or proposed custodial home or

homes." However, plaintiff ignores defendant's testimony that, if awarded custody, he would reside with the children in the marital home and encourage a free and open relationship between the children and plaintiff.

Next, plaintiff argues that the allegations of sexual abuse of their son by defendant and the supporting testimony and reports of experts involved in the case made erroneous the court's determination that factors f and g were equal between the parties. Those factors involve the moral fitness and mental and physical health of the parties. However, this Court defers to the ability of the trial court to determine the credibility of conflicting witnesses. See *Helms v Helms,* 185 Mich App 680, 684; 462 NW2d 812 (1990). In the present case, the trial court found that the conflicting testimony cast doubt on plaintiff's credibility. The court found no credible evidence to support plaintiff's claims of sexual abuse. The court chose to believe defendant's protests of innocence in light of a lack of physical evidence of abuse, testimony that plaintiff had made such accusations against others, testimony by the son that his mother told him to accuse defendant, and testimony that the son had actually injured his penis in a fall. Thus, this finding was not against the great weight of the evidence and it was within the court's power to weigh conflicting evidence.

Finally, plaintiff argues that the court's finding that factor j favored defendant because of plaintiff's interference with defendant's visitation is not supported by the evidence. Factor j is "[t]he willingness and ability of each of the parents to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent." Plaintiff argues that defendant missed

visitation only after she suspected abuse. However, the court found the sexual abuse allegations to be without merit. Further, the record reflects plaintiff's uncooperative attitude toward visitation at other times and supports the court's finding.

In light of the court's supported findings that the best interest factors predominated only slightly in defendant's favor, we find that the court's decision to award joint custody does not represent clear legal error or a palpable abuse of discretion and that it was not based on findings against the great weight of the evidence.

Affirmed.