*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DANA MARIE BAUER,

Plaintiff-Appellee,

v

TIMOTHY JOHN WAIDELICH,

Defendant-Appellant.

UNPUBLISHED
August 6, 2019

No. 345756
St. Clair Circuit Court
LC No. 14-000583-DM

Before: TUKEL, P.J., and JANSEN and RIORDAN, JJ.

JANSEN, J. (*dissenting*).

I respectfully dissent.

I disagree with the majority's conclusion that the trial court did not err by failing to ascertain "[t]he reasonable preference of the" minor children under MCL 722.23(i). In its written findings of fact and conclusions of law, the trial court discussed each of the best interests factors found in MCL 722.23, and with respect to the preferences of the minor children, wrote:

> i.      The reasonable preference of the child, if the court considers the child to be of sufficient age to express preference:
>
>         The Court did not interview either child, due to their ages, and the nature of the issues presented.

Although there is no exact age that a child is deemed old enough to express a reasonable preference, this Court has consistently held that in custody disputes, any child over the age of six is generally able to express a preference. *Bowers v Bowers*, 190 Mich App 51, 55-56; 475 NW2d 394 (1991). However, not every child over the age of six will have the capacity to form a preference, because "a child's presumed capacity [may] be compromised by circumstances peculiar to that child's life." *Maier v Maier*, 311 Mich App 218, 225; 874 NW2d 725 (2015). Therefore, trial courts hearing custody disputes have a duty to ascertain whether the child or children have the capacity to form a reasonable preference and, if so, whether the child has actually formed a preference. *Kubicki v Sharpe*, 306 Mich App 525, 544-545; 858 NW2d 57 (2014); *Maier*, 311 Mich App at 224.

-1-

It is undisputed that the trial court did not interview the minor children in this case in order to determine whether they had the capacity to form a preference, and whether they had, in fact, formed a preference. Moreover, the minor children were 9-years-old and 11-years-old at the time the trial court made its findings of fact and conclusions of law, which are presumably sufficient ages to express a preference. *Bowers*, 190 Mich App at 55-56. Besides indicating the children's ages and the "nature of the issues presented," the trial court gave no basis for its belief that the minor children would be unable to express a reasonable preference. Further, there is nothing in the record before us to suggest that any "circumstances peculiar" to the minor children's life would prevent them from having the capacity to form a preference. Therefore, I would conclude that the trial court's failure to interview the minor children to, at a minimum, determine if the minor children had the capacity to form a reasonable preference constitutes error-requiring reversal. *Id.*

Although I agree with the majority that there "may be instances where children lack the capacity to make an informed decision as to preference due to the nature of the custody issue before the trial court," I believe that the trial court had a duty to ascertain the children's capacity to form an opinion regarding custody in some way. In this case, without having some form of communication with the minor children, it is speculative to say that they lack the capacity to "weigh in on an issue that, by its nature, the *trial court* determined the children were unlikely to comprehend[,]" the issue here being their medical treatment. I do not believe that it is possible to ascertain the children's capacity to form an opinion or reasonable preference in the abstract. The children in this case were well above the age of six, which is generally the threshold age at which it is presumed they have the capacity to articulate a preference. Further, there is nothing in the record to suggest that the children would be unable to express an opinion about being taken to seek medical treatment by their father more than 30 times between fall 2016 and spring 2017. Although the children may not have been able to articulate a reasonable preference about the course of their medical treatment, given their age and the complexity of medical decisions, they surely would have been able to indicate whether they felt sick enough to go to the doctor during this time. In my view, this case requires that an actual inquiry have been made into the children's capacity to express a reasonable preference in order to fulfill the requirements of MCL 722.23(i).

Based on the foregoing, I would reverse and remand.


/s/ Kathleen Jansen

-2-