*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

WILLIAM L. QUINT III,

      Plaintiff-Appellee,

v

PERLA MARIA QUINT, also known as PERLA
MARIA MASCORRO-RAMOS,

      Defendant-Appellant.

FOR PUBLICATION
April 4, 2024

No. 368002
Ionia Circuit Court
LC No. 2018-033430-DM

Before: SWARTZLE, P.J., and REDFORD and YATES, JJ.

YATES, J. (concurring).

I agree wholeheartedly with the majority opinion in all respects, but I write separately to amplify two points. First, just like cases involving termination of parental rights, cases involving disputes over custody of minor children implicate due-process concerns that render application of the "raise or waive" rule impermissible. Therefore, I fully subscribe to the holding in the majority opinion that plain-error review is appropriate on appeal here even though neither party objected to the trial court's approach to MCL 772.23(i) concerning "[t]he reasonable preference of the child, if the court considers the child to be of sufficient age to express [a] preference." Second, although I have misgivings about requiring trial courts to ask about the preference of seven-year-old children because that effort may place the children in an uncomfortable position likely to yield an expressed preference that may be suspect,[1] this Court has consistently held that children as young as six years old are " 'of sufficient age to express preference' within the meaning of MCL 722.23(i)." *Pierron v Pierron*, 282 Mich App 222, 258; 765 NW2d 345 (2009), aff'd 486 Mich 81 (2010); *Bowers v*

---

[1] In many cases, a trial court can obtain ample evidence about the reasonable preference of a child without having to meet with the child. For example, if a child has a babysitter who testifies that the child always cries when picked up by the father and always smiles and expresses pure joy when picked up by the mother, that evidence readily enables the trial court to make a finding of fact that the child prefers to be with the mother. Meeting with the child seems unnecessary in that scenario, so requiring the trial court to meet with the child in that situation almost certainly will cause more harm than good.

*Bowers*, 190 Mich App 51, 55-56; 475 NW2d 394 (1991) ("Children of six, and definitely nine, years of age are old enough to have their preferences given some weight in a custody dispute[.]"). I wish this Court had not said that, and instead had given trial courts substantial discretion to decide whether the young children before them are sufficiently mature to express their preference, but we must follow the published decisions of this Court that afford little discretion to trial courts as to the manner in which they address "[t]he reasonable preference of the child" under MCL 722.23(i). See MCR 7.215(C)(2).

/s/ Christopher P. Yates