PETOSKEY v KOTAS

Docket No. 81013. Submitted July 24, 1985, at Detroit.—Decided
    December 3, 1985.
    Plaintiff, Marlene A. Kotas Petoskey, and defendant, Joseph P.
    Kotas, were divorced, Macomb Circuit Court, John G. Roskopp,
    J. They had four minor children and the court ordered defen-
    dant to pay child support of $100 per week. Plaintiff moved for
    a modification of child support, alleging an arrearage and that
    defendant had failed to report increases in income. The court
    referred the matter to the friend of the court. The friend of the
    court then recommended that defendant should pay child sup-
    port in the sum of $172 per week. Plaintiff accepted this
    recommendation, but defendant objected, arguing that plaintiff
    failed to present any proofs as to any increased need or change
    in circumstances with the minor children and that the friend of
    the court's recommended minimum support schedule should
    not be used without other proofs. The trial court granted
    plaintiff's motion for acceptance following brief oral argument.
    Defendant objected to entering the order, and the trial court
    stated: "Your client told me that he takes home $350 per
    week." When defense counsel did not disagree with this fact,
    the court denied the request for an evidentiary hearing and
    entered an order increasing child support to $40 per week per
    child. Defendant appealed. *Held:*
        1. The court erred in not granting defendant an evidentiary
    hearing.
        2. The court erred in relying on defendant's income as the
    sole basis for increasing child support.
        Remanded for an evidentiary hearing.

1. PARENT AND CHILD — CHILD SUPPORT — MODIFICATION OF CHILD
    SUPPORT — ARREARAGES.
        A trial court has the discretion to modify child support orders,
        including the discretion to cancel arrearages retroactively.

REFERENCES

Am Jur 2d, Divorce and Separation §§ 1078 *et seq.*
Am Jur 2d, Parent and Child §§ 50 *et seq.*
Power of court to modify decree for support of child which was
    based on agreement of parties. 61 ALR3d 657.

2. PARENT AND CHILD — CHILD SUPPORT — MODIFICATION OF CHILD
   SUPPORT.

   A trial court must hold an evidentiary hearing on a petition to
   modify an order of child support where there exist factual
   disputes concerning any changes in circumstances which might
   warrant modification of the order of child support.

3. PARENT AND CHILD — CHILD SUPPORT — MODIFICATION OF CHILD
   SUPPORT — FRIEND OF THE COURT.

   Neither a recommendation of the friend of the court relative to
   the proper level of child support nor the noncustodial parent's
   income may be used as the sole basis upon which a trial court
   makes its determination to modify an order of child support
   unless the parties have consented to that recommendation;
   absent consent by the parties to the recommendation of the
   friend of the court, the trial court must hold an evidentiary
   hearing to determine whether there are changed circumstances
   before it can properly order modification of an order of child
   support.

*Thomas Peralta,* for plaintiff.

*Max D. McCullough,* for defendant.

Before: GRIBBS, P.J., and T. M. BURNS and M.
WARSHAWSKY,* JJ.

PER CURIAM. Defendant appeals from an "order
amending judgment of divorce and setting amount
of child support arrearages" which increased de-
fendant's child support obligations from $25 per
week per child to $40 per week per child.

On December 22, 1980, a default judgment of
divorce was entered in the trial court which or-
dered defendant to pay child support of $25 per
week per child. Plaintiff and defendant have four
children so the weekly child support payment
totalled $100. This amount was $80 per week less
than the friend of the court's recommendation.
Approximately three years later, plaintiff filed a
motion alleging that defendant refused to make

---

* Circuit judge, sitting on the Court of Appeals by assignment.

support payments and failed to report raises in his income. This matter was referred to the friend of the court which concluded that the child support should remain at the same amount. Both defendant and plaintiff filed written objections to the friend of the court's recommendation. Plaintiff argued that the child support payments should be increased and defendant argued that they should be decreased. The circuit court then referred this matter back to the friend of the court for further recommendation in light of the parties' objections. The friend of the court then recommended that defendant should pay child support in the sum of $172 per week. Plaintiff accepted this recommendation, but defendant objected arguing that plaintiff failed to present any proofs as to any increased need or change in circumstances with the minor children and that the friend of the court's recommended minimum support schedule should not be used without other proofs. The trial court granted plaintiff's motion for acceptance following brief oral argument. Defendant objected to entering the order, and the trial court stated: "Your client told me that he takes home $350 per week". When defense counsel did not disagree with this fact, the court denied the request for an evidentiary hearing and entered an order increasing child support to $150 per week. The terms of the final order required defendant to pay $40 per week per child.

Defendant now appeals as of right from the circuit court's decision. It is well-settled that the trial court has the discretion to modify child support orders, including the discretion to cancel arrearages retroactively. *Ozdaglar v Ozdaglar*, 126 Mich App 468, 473; 337 NW2d 361 (1983). Before a court can modify a child support provision contained in a divorce decree, either parent or the friend of the court must petition for the modifica-

tion. *McCarthy v McCarthy,* 74 Mich App 105; 253 NW2d 672 (1977). If the parties fail to consent to the modification and there exists a factual dispute concerning the circumstances relating to the peti- tion· for modification, the court is obliged to hold an evidentiary hearing. *Cochran v Buffone,* 137 Mich App 761, 766; 359 NW2d 557 (1984). The trial court must consider all relevant factors in determining whether there has been a sufficient change in circumstances to justify modification of the child support provisions. *Jacobs v Jacobs,* 118 Mich App 16; 324 NW2d 519 (1982). In reaching its determination, the trial court may consider the report of the friend of the court, but the report is inadmissible as evidence unless all the parties agree to the contrary. *McCarthy, supra.* Review of the trial court's decision is *de novo;* however, great weight is to be given to the trial judge's finding of fact. *Krachun v Krachun,* 355 Mich 167; 93 NW2d 885 (1959); *McCarthy, supra.*

We feel that the trial court erred in denying defendant's request for an evidentiary hearing. The defendant objected to the friend of the court's recommendation, claiming that there has been no changed circumstances since the divorce judgment was entered. Plaintiff argued that there was a sufficient change in circumstances and the friend of the court accepted plaintiff's argument. Despite this, the trial court seemed to be solely concerned with defendant's income, noting that there was no dispute as to that amount. We note, however, that defendant's income had decreased approximately $20 per week since the judgment granting the divorce was entered. In *McCarthy, supra,* p 109, this Court stated:

"There is no question that the trial court erred in its modification order of February 26, 1975, both procedur-

ally and substantively. The order was made without a hearing and there was no agreement expressed or implied to allow the court to utilize the Friend of the Court's recommendation. [Citations omitted.] Additionally, the recommendation was based totally upon the fact of defendant's increase in salary. All relevant factors are to be considered in determining whether there has been a sufficient change in circumstances. [Citations omitted.] The isolated consideration of income is error. [Citations omitted.]"

Likewise, in the instant case, the trial court erred in relying solely on defendant's income as a basis for increasing child support. The trial court should have granted defendant's request for an evidentiary hearing on this matter. We therefore remand for a hearing in accordance with *Cochran, supra,* pp 767-768. We do not retain jurisdiction.