## NIELSEN v NIELSEN

Docket No. 93989. Submitted March 12, 1987, at Lansing. Decided
October 5, 1987.

Plaintiff, Neal D. Nielsen, was granted a judgment of divorce
from defendant, Dona S. Nielsen, in the Livingston Circuit
Court, Randy L. Tahvonen, J. The judgment provided for joint
custody of the parties' three children with defendant having
physical custody on weekdays and one weekend per month.
Plaintiff received custody for three weekends per month and
approximately one-half of all vacation periods. Plaintiff then
filed a petition and amended petition seeking an adjustment in
weekend pickup times, increased custody during holiday vaca-
tions and remedies to enforce compliance with the court-or-
dered custody periods. Defendant then petitioned for custody on
alternate weekends and increased custody during vacations.
Plaintiff responded with a petition to reverse the custodial
periods the children spent with each parent. After a hearing on
these petitions, defendant requested sole custody and that
plaintiff be granted visitation. Following more hearings on the
petitions, the court determined that an established custodial
environment existed in both homes. The court considered the
statutory factors for determining the best interests of the
children and found plaintiff best able to provide guidance in
educating the children, that defendant had a greater capacity
to show love and affection for the children, and that the length
of time that the children had lived in a stable, satisfactory
environment and the educational record favored defendant.
The court denied plaintiff's petition to change custody and
denied defendant's petitions for sole custody and visitation on
alternate weekends. Defendant appealed.

The Court of Appeals held:

REFERENCES

Am Jur 2d, Attorneys at Law §§ 237 et seq.

Am Jur 2d, Parent and Child §§ 23 et seq.

Right to attorneys' fees in proceeding, after absolute divorce, for
modification of child custody or support order. 57 ALR4th 710.

Divorce: power of court to modify decree for support of child which
was based on agreement of parties. 61 ALR3d 657.

1. The trial court did not err in finding an established custodial environment in both homes.

2. The denial of defendant's petition for sole custody was proper. The record does not show that the parties cannot agree on basic child-rearing issues. Instead, the parties' inability to cooperate centered on disputes regarding custody times and personal animosity. Defendant did not present clear and convincing evidence that a change in custody was warranted.

3. The trial court properly denied defendant's request for attorney fees under MCR 2.114(D) and (E).

Affirmed.

1. PARENT AND CHILD — CHILD CUSTODY — CHANGE OF CUSTODY.

A court shall not modify or amend its previous judgments or orders or issue a new order so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child (MCL 722.27[1][c]; MSA 25.312[7][1][c]).

2. PARENT AND CHILD — CHILD CUSTODY — JOINT CUSTODY.

The parties' ability to cooperate is only one factor for the court to consider in its decision to grant or deny joint custody (MCL 722.26a; MSA 25.312[6a]).

3. TRIAL — ATTORNEY FEES.

A trial court does not err in denying a party's request for attorney fees under the court rule regarding the effect of the signature of an attorney or a party on a pleading and sanctions for violation of the rule where the opposing party's pleadings are well grounded and warranted by existing law and are not filed solely to harass or cause a needless increase in the cost of litigation (MCR 2.114[D] and [E]).

*Foster, Swift, Collins & Coey, P.C.* (by *George M. Brookover* and *Kathryn L. Hagenbuch*), for plaintiff.

*Garber, Holtz, Cash & Sherbow, P.C.* (by *Mark D. Sherbow* and *Judith A. Holtz*), for defendant.

Before: SAWYER, P.J., and McDONALD and H. J. SZYMANSKI,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

H. J. SZYMANSKI, J. Defendant appeals as of right from an order denying her petitions to discontinue joint custody and modify the current custody arrangement. We affirm.

The parties were divorced on November 29, 1983. The judgment provided for joint custody of the parties' three children: Scott, date of birth August 24, 1981; Christi, date of birth May 27, 1979; and Christopher, date of birth November 27, 1977. Defendant was given physical custody of the children weekdays and one weekend per month, whereas plaintiff received custody of the children the other three weekends and approximately one-half of all vacation periods.

On December 3, 1984, and January 14, 1985, plaintiff filed a petition and amended petition for affirmative relief requesting adjustment in weekend pickup times, increased custody during holiday vacations and remedies to enforce compliance with the court-ordered custody periods. Defendant then filed a petition on July 16, 1985, requesting custody on alternate weekends and increased custody during holidays. On July 22, 1985, plaintiff responded with a petition to reverse the custodial periods the children spent with each parent. On September 13, 1985, after the first hearing on these petitions, defendant further requested that the court award her sole custody of the children and grant plaintiff visitation.

Following the first hearing on the series of petitions, the court interpreted certain provisions in the custody schedule and set an earlier time for plaintiff to pick up the children on weekends. Testimony was then taken on two more occasions.

After three days of testimony, the circuit court held that this was a proceeding under § 7(1)(c) of the Child Custody Act, MCL 722.27(1)(c); MSA 25.312(7)(1)(c), since the current joint-custody situa-

tion established a custodial environment in both homes and both parties had sought to modify the current custodial situation. It considered the eleven statutory factors for determining the best interests of the children and found the parties to be equal in most respects. However, on factor (b) it found plaintiff best able to provide guidance in educating the children, while defendant had a greater capacity to show love and affection for the children. Additionally, it found that the length of time that the children had lived in a stable, satisfactory environment and the educational record favored defendant. The court denied plaintiff's petition to change custody and denied defendant's petitions for sole custody and visitation on alternate weekends.

On appeal defendant raises three issues. First, defendant claims that the circuit court erred in finding an established custodial environment in both homes, thus requiring defendant to show by clear and convincing evidence that a change in custody is warranted for her petitions to be granted. See *Arndt v Kasem,* 135 Mich App 252, 256; 353 NW2d 497 (1984); MCL 722.27(1)(c); MSA 25.312(7)(1)(c). We believe the court used the proper standard in denying defendant's petitions.

Although the children physically reside in defendant's home for a greater portion of the week, the stability and continuity of the joint-custody situation in the instant case supports the court's finding. At the time of the decision, the children had been changing residences weekly for approximately two years. Testimony showed that the children had separate friends, clothes and toys at the two households. The court's solution of finding the established custodial environment in the joint-custody arrangement itself is supported by the record and represents an enlightened approach for

dealing with proposed changes that materially affect a joint-custody relationship.

Second, defendant argues that the circuit court erred by continuing joint custody and ruling that the parties' inability to cooperate was not controlling. At the hearing, defendant cited *Fisher v Fisher,* 118 Mich App 227; 324 NW2d 582 (1982), and argued that, due to the parties' inability to cooperate, the joint custody arrangement should be abandoned and defendant granted sole custody of the three children. The court denied defendant's request and stated that cooperation was but one factor for the court to consider. It found that both parties had great love and affection for the children and that each parent could provide different strengths to supplement the other party's weaknesses for the benefit of the children.

Following a reading of the record, we believe that the court's denial of defendant's petition for sole custody was proper. The court correctly noted that cooperation is only one factor for the court to consider in its decision to grant or deny joint custody. MCL 722.26a; MSA 25.312(6a). Defendant has misplaced reliance on *Fisher, supra.* The *Fisher* Court found that the parties could not agree on basic child-rearing issues and, therefore, it was obligated to deny defendant's joint-custody request. *Fisher, supra* at 233. The record in the instant case does not show that the parties cannot agree on basic child-rearing issues. Instead, the parties' inability to cooperate has centered on disputes regarding custody times and personal animosity.

The joint-custody arrangement has existed since 1983. The three children have remained together and seem to thrive in both households. Christopher has had educational difficulties. However, testimony showed that this stemmed in part from

the divorce itself and not specifically from the joint-custody situation. Reviewing the evidence de novo on the record, we cannot state that the court erred in denying defendant's request for sole custody of the parties' three children. Defendant did not present clear and convincing evidence that a change in custody was warranted.

Third, defendant claims that the circuit court erred in denying her request for attorney fees under MCR 2.114(D) and (E). MCR 2.114(E) is based on a recent amendment of the Federal Rules of Civil Procedure, FR Civ P 11, and provides that sanctions shall be imposed upon a party signing a pleading in violation of MCR 2.114(D). *Lloyd v Avadenka,* 158 Mich App 623, 628; 405 NW2d 141 (1987). These sanctions may include an order to pay the reasonable expenses incurred due to the filing, including reasonable attorney fees. MCR 2.114(D) states that a party's or an attorney's signature on the pleading certifies the following:

> (1) he or she has read the pleading;
> (2) to the best of his or her knowledge, information, and belief formed after reasonable inquiry, the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and
> (3) the pleading is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

The court denied defendant's request and ruled that this was not an appropriate case to award attorney fees. We agree.

Plaintiff filed three petitions with the court. The first two resulted in changes in the custody order. The third petition, requesting that plaintiff be

given custody of the three children weekdays, was denied. However, plaintiff alleged a change in circumstances and offered proof of such change at the subsequent hearings. Thus, we cannot declare that the petition was not well grounded or warranted by existing law.

Further, defendant has not shown that the petition was filed solely to harass or cause a needless increase in the cost of litigation. We acknowledge that defendant has incurred substantial legal expenses as a result of the current custody dispute. However, the hearings were in part due to defendant's petition for sole custody of the parties' three children. In light of these facts, the court properly denied defendant's request for attorney fees under MCR 2.114(D) and (E).

Affirmed.