BALUCH v BALUCH

Docket No. 104662. Submitted December 8, 1988, at Detroit. Decided June 28, 1989.

Plaintiff, Isabelle E. Baluch, and defendant, Donald T. Baluch, were divorced by order of the Macomb Circuit Court in 1982. Plaintiff was awarded custody of the parties' minor children and defendant was ordered to pay child support until each child reached the age of eighteen years or until further order of the court. In 1986, plaintiff sought to have the divorce judgment modified to provide that defendant would pay child support until each child's eighteenth birthday, or until their graduation from high school, whichever occurs later. The motion was referred to the Friend of the Court for investigation and recommendation. Defendant objected to the Friend of the Court recommendation and requested an evidentiary hearing. The court, John B. Bruff, J., adopted the Friend of the Court recommendation in that it increased the amount of child support and extended child support until the children graduated from high school. The court found that there were exceptional circumstances, even though no evidentiary hearing was held and plaintiff had not alleged the existence of exceptional circumstances. Defendant moved for reconsideration and requested an evidentiary hearing. The motion was denied. Defendant appealed.

The Court of Appeals *held:*

1. A circuit court has jurisdiction to grant child support until the child graduates from high school. The gap between a child's eighteenth birthday and high school graduation constitutes an exceptional circumstance within the meaning of the jurisdictional statute. The Age of Majority Act does not bar the circuit court from requiring payment of child support beyond a child's eighteenth birthday.

2. The trial court erred in adopting the Friend of the Court

REFERENCES

Am Jur 2d, Divorce and Separation §§ 1049, 1091; Parent and Child §§ 41 *et seq.*

See the Index to Annotations under Custody and Support of Children.

recommendation without an evidentiary hearing after defendant objected to the recommendation. Defendant is entitled to an evidentiary hearing.

Affirmed in part, reversed in part, and remanded for an evidentiary hearing.

McDONALD, J., dissented as to the majority's holding that a circuit court has the power to order child support beyond a child's eighteenth birthday until he or she graduates from high school. He would hold that the Age of Majority Act provides that a parent's duty to support a child extends only until the child's eighteenth birthday and that, if the Legislature had intended otherwise, it could have so provided at the time it enacted the Age of Majority Act.

1. PARENT AND CHILD — CHILD SUPPORT — AGE OF MAJORITY.

A circuit court pursuant to the child support statute and the court rules has the power to order a parent to pay child support for his or her minor child until the child graduates from high school or reaches eighteen years of age, whichever occurs later; the Age of Majority Act does not preclude an award of child support beyond a child's eighteenth birthday (MCL 552.17a, 722.52; MSA 25.97[1], 25.244[52]; MCR 3.209[B][1][b]).

2. PARENT AND CHILD — CHILD SUPPORT — MODIFICATION OF CHILD SUPPORT — EVIDENTIARY HEARING.

A court in reaching a determination on a petition for modification of child support must hold an evidentiary hearing where the parties fail to consent to a modification and there exists a factual dispute concerning the circumstances relating to the petition for modification.

3. PARENT AND CHILD — CHILD SUPPORT — MODIFICATION OF CHILD SUPPORT — FRIEND OF THE COURT.

A court in reaching a determination on a petition for a modification of child support may consider a report of the Friend of Court only if all the parties agree to its admissability; otherwise, the court must hold an evidentiary hearing to determine whether there are changed circumstances which require a modification of the child support order.

*Bromley, Roy & Dawson* (by *David R. Dawson*), for defendant.

Before: WAHLS, P.J., and McDONALD and C. W.
SIMON, JR.,* JJ.

PER CURIAM. Defendant appeals as of right from
an order modifying a judgment of divorce to in-
crease defendant's child support payments and an
order denying defendant's motion for reconsidera-
tion and for an evidentiary hearing.

The first issue presented is whether the circuit
court has jurisdiction to grant child support until
the child graduates from high school even though
at the time of graduation the child will be over
eighteen years old. Defendant claims that the Age
of Majority Act, MCL 722.51 *et seq.*; MSA
25.244(51) *et seq.*, bars the circuit court from re-
quiring defendant to pay child support beyond the
child's eighteenth birthday. We disagree.

MCL 552.17a; MSA 25.97(1) provides for the
circuit court's jurisdiction over child support or-
ders:

> The court shall have jurisdiction in making such
> order or judgment relative to the minor children
> of such parties as authorized in this chapter to
> award custody of each child to 1 of the parties . . .
> until each child has attained the age of 18 years
> and may require either parent to pay such allow-
> ance as may be deemed proper for the support of
> each child until each child shall have attained
> that age and may in case of exceptional circum-
> stances, require payment of such allowance for
> any child after he attains that age.

Further, MCR 3.209(B)(1)(b) provides that a sup-
port order or final judgment must

> provide for payment for a child until the child
> reaches the age of majority or graduates from high

* Circuit judge, sitting on the Court of Appeals by assignment.

school, whichever is later, or, in exceptional circumstances, until further order of the court.

Presently, there is a split of authority on whether a circuit court has jurisdiction to award child support beyond the eighteen-year age of majority.

The Age of Majority Act, MCL 722.52; MSA 25.244(52), provides:

> Notwithstanding any other provision of law to the contrary, . . . a person who attains 18 years of age . . . is deemed to be an adult of legal age for all purposes whatsoever and shall have the same duties, liabilities, responsibilities, rights and legal capacity as persons heretofore acquired at 21 years of age.

The majority of courts have held that, since the circuit court's jurisdiction in divorce proceedings is defined by statute, the provisions in the Age of Majority Act limit the court's jurisdiction to order child support beyond the age of majority. *Felcoski v Felcoski,* 159 Mich App 762, 765; 407 NW2d 11 (1987), and cases cited therein.

However, in *Paaso v Paaso,* 170 Mich App 628; 428 NW2d 724 (1988), lv den 431 Mich 1207 (1988), this Court disagreed with the result reached in *Felcoski.* The *Paaso* Court reconciled the differences between the Age of Majority Act and the jurisdictional statute. Citing dicta in *Price v Price,* 395 Mich 6, 11, n 5; 232 NW2d 630 (1975), and the adoption of MCR 3.209(B)(1)(b), the *Paaso* Court found that the gap between the eighteenth birthday and high school graduation constitutes an "exceptional circumstance" within the meaning of the jurisdictional statute. The *Paaso* Court reasoned that to hold otherwise would render the "exceptional circumstances" language in the jurisdictional statute nugatory.

We choose to follow the reasoning expressed in *Paaso* and find that graduation from high school constitutes an exceptional circumstance. Therefore, a circuit court's jurisdiction extends until a child is graduated from high school.

Defendant also claims that the lower court erred in adopting the Friend of the Court's recommendation without an evidentiary hearing after defendant objected to the recommendation. We agree.

Where parties fail to consent to a modification and there exists a factual dispute concerning the circumstances relating to the petition for modification, the court is obliged to hold an evidentiary hearing. *Petoskey v Kotas,* 147 Mich App 487, 490; 382 NW2d 804 (1985). In reaching its determination, the trial court may consider a report of the Friend of the Court, but the report is inadmissible as evidence unless all the parties agree to its admissibility. *Id.*

Defendant strenuously objected to the Friend of the Court's computation of the increase of child support and existence of changed circumstances. Defendant requested an evidentiary hearing both at the time of the motion for modification and at a subsequent motion for reconsideration. We find that the court erred in relying on the Friend of the Court's recommendation and in failing to hold an evidentiary hearing. We find that defendant is entitled to an evidentiary hearing.

We affirm in part, reverse in part, and remand for an evidentiary hearing. We do not retain jurisdiction.

MCDONALD, J. *(concurring in part and dissenting in part).* I agree with the majority opinion holding that the appellant is entitled to an evidentiary hearing upon proper request. However, I disagree with the holding that a circuit court has the power

to order child support beyond a child's eighteenth birthday until he or she graduates from high school. *Felcoski v Felcoski,* 159 Mich App 762; 407 NW2d 11 (1987); *Passo v Passo,* 170 Mich App 628; 428 NW2d 724 (1988) (dissenting opinion of Danhof, C.J.), lv den 431 Mich 1207 (1988).

A circuit court's jurisdiction over child support is derived from MCL 552.17a; MSA 25.97(1), which was in effect in August, 1970. The Age of Majority Act, MCL 722.51 *et seq.*; MSA 25.244(5) *et seq.*, was enacted and became effective January 1, 1972, and provided:

> *Notwithstanding any other provision of law to the contrary,* a person who is 18 years of age but less than 21 years of age when this act takes effect, and a person who attains 18 years of age thereafter, is deemed to be an adult of legal age for all purposes whatsoever and shall have the same duties, liabilities, responsibilities, rights and legal capacity as persons heretofore acquired at 21 years of age. [Emphasis added.]

If the Legislature intended to extend a parent's duty to support a child beyond the child's eighteenth birthday, it easily could have so provided and exempted the provisions of MCL 552.17a; MSA 25.97(1).