## JACK v JACK

Docket No. 219851. Submitted December 14, 1999, at Detroit. Decided
February 11, 2000, at 9:05 A.M.

Paul Jack obtained a divorce from Lois M. Jack after a trial in the
Wayne Circuit Court, Sheila Gibson Manning, J., which awarded
legal custody of the parties' minor children jointly to the parties
and physical custody of the children solely to the defendant. The
final award of custody was preceded by a stipulated order regard-
ing temporary physical and legal custody. The plaintiff appealed.

The Court of Appeals held:

1. The existence of the temporary order of custody obliged the
trial court, before issuing a final custody order, to determine
whether an established custodial environment existed. MCL
722.27(1)(c); MSA 25.312(7)(1)(c). Where a trial court fails to make
a finding regarding the existence of a custodial environment, the
Court of Appeals will remand for a finding unless there is sufficient
information in the record for the Court of Appeals to make its own
determination of the issue by review de novo. In this case, the trial
court failed to make a determination regarding established custo-
dial environment, and the evidence, upon review de novo, shows
that an established custodial environment existed with both par-
ents. The matter must be remanded for a determination by the trial
court whether there was clear and convincing evidence that a
change in custody was in the best interests of the children.

2. The trial court did not err in considering a report on a psycho-
logical evaluation of the parties and their children. The plaintiff had
requested that the trial court order the evaluation and the submis-
sion of the report to the trial court. The objection of the plaintiff's
counsel to the plaintiff's being questioned about the report did not
encompass the trial court's review of the report.

Reversed and remanded for further proceedings.

KELLY, J., dissenting, stated that the case should be remanded to
the trial court for a determination regarding established custodial
environment because there is not sufficient information in the
record to allow the Court of Appeals to make its own determina-
tion and because the Court of Appeals is too remote a tribunal to
assess the credibility of the parties and their children and the pref-

erences of the children. Furthermore, the psychological report should not be considered by the trial court unless the doctor who wrote the report testifies or the parties stipulate the admissibility of the report, because the plaintiff made a valid objection when defense counsel questioned the defendant about the report.

1. DIVORCE — CHILD CUSTODY — TEMPORARY CUSTODY — ESTABLISHED CUSTO-
    DIAL ENVIRONMENT.

   A court that has issued a temporary order regarding child custody in a divorce action must, before issuing a final custody order, determine whether an established custodial environment exists; a custodial environment is established if over an appreciable time the child naturally looks to the custodian for guidance, discipline, the necessities of life, and parental comfort (MCL 722.27[1][c]; MSA 25.312[7][1][c]).

2. DIVORCE — CHILD CUSTODY — ESTABLISHED CUSTODIAL ENVIRONMENT —
    APPEAL.

   A divorce case in which the trial court has failed to determine whether an established custodial environment existed before modifying a child custody order will, on appeal to the Court of Appeals, be remanded for a finding regarding established custodial environment unless there is sufficient information in the record for the Court of Appeals to make its own determination of the issue by review de novo.

*Merchan & Corbin, P.C.* (by *Kim Corbin*), for the plaintiff.

*Rita F. Young*, for the defendant.

Before: CAVANAGH, P.J., and HOLBROOK, JR., and KELLY, JJ.

HOLBROOK, JR., J. Plaintiff appeals as of right from the parties' judgment of divorce. We reverse and remand.

The parties are the parents of two minor children, Erin, born on November 30, 1992, and Adam, born on June 26, 1995. The parties separated in early 1998. On February 20, 1998, a stipulated order was entered granting both temporary physical and legal custody of

the children. In the January 29, 1999, judgment of divorce, the parties were granted joint legal custody, but defendant was granted sole physical custody. Plaintiff's appeal is focused entirely on the issue of custody of the two children.

Plaintiff first argues that the trial court committed error requiring reversal by failing to determine whether an established custodial environment existed. We agree. MCL 722.27(1)(c); MSA 25.312(7)(1)(c) states that the circuit court

> shall not modify or amend its previous judgments or orders or issue a new order so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child. The custodial environment of a child is established if over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort. The age of the child, the physical environment, and the inclination of the custodian and the child as to permanency of the relationship shall also be considered.

Because a temporary custody order existed, the trial court was required to make a finding regarding the issue whether an established custodial environment existed. *Bowers v Bowers*, 190 Mich App 51, 53-54; 475 NW2d 394 (1991); *DeVries v De Vries*, 163 Mich App 266, 270; 413 NW2d 764 (1987). "Where a trial court fails to make a finding regarding the existence of a custodial environment, this Court will remand for a finding unless there is sufficient information in the record for this Court to make its own determination of this issue by de novo review." *Thames v Thames*, 191 Mich App 299, 304; 477 NW2d 496 (1991). Accord *Bowers, supra* at 53-54.

Upon review de novo of the record, we believe that the evidence shows that an established custodial environment existed with both parents. *Duperon v Duperon*, 175 Mich App 77, 80; 437 NW2d 318 (1989) ("An established custodial environment can exist in more than one home."). The record establishes that the children looked to both parents to provide them with "guidance, discipline, the necessities of life, and parental comfort." MCL 722.27(1)(c); MSA 25.312(7)(1)(c). While defendant may have provided the majority of the financial support for the children despite an apparent ability of plaintiff to provide more assistance than he did, we do not believe that this necessarily means that such an environment existed only with defendant. Further, the fact that the children's primary residence remained in defendant's home after the parties separated did not extinguish the custodial environment that existed with plaintiff. See *Nielsen v Nielsen*, 163 Mich App 430, 433; 415 NW2d 6 (1987). Therefore, because the trial court committed a clear legal error by failing to find that a custodial environment existed with both parents, *Bowers, supra* at 54, we hold that the case must be remanded to determine whether there was clear and convincing evidence that a change in custody was in the best interests of the children. *Nielsen, supra* at 433-434.

Finally, we reject plaintiff's argument that the trial court erred in admitting the psychological report prepared by Dr. Andrew Maltz in connection with the custody dispute in this matter. At plaintiff's request, the trial court ordered that "the parties and the two minor children undergo a psychological evaluation with Dr. Andrew Maltz . . . with a report to be submit-

ted to the Court with regard to the issue of custody."
Further, while plaintiff's counsel objected at trial to
plaintiff's being questioned about the contents of the
report, counsel also indicated that plaintiff had no
"problem with the Court" reviewing Dr. Maltz' report.
Therefore, because plaintiff's position on appeal is
contrary to his position below, and because he
waived any objection he may have had to the trial
court's reviewing the report, we conclude that plain-
tiff's argument is without merit. *People v Fetterley*,
229 Mich App 511, 520; 583 NW2d 199 (1998); *Phin-
ney v Perlmutter*, 222 Mich App 513, 537-538; 564
NW2d 532 (1997).

Reversed and remanded for further proceedings
consistent with this opinion. We do not retain
jurisdiction.

CAVANAGH, P.J., concurred.

KELLY, J. (*dissenting*). I respectfully dissent.

The majority finds that there is sufficient informa-
tion on the record for this Court to make its own
determination of the custody issue by review de novo.
Although it is true that the record indicates that the
children relied on both parents to provide them with
guidance, discipline, and the necessities of life, I
believe this Court is too remote a tribunal to interpret
the nuances that always emanate from determinations
of the credibility of parties and their children, let
alone interviews regarding custody matters and pref-
erences of the children. I would prefer to remand and
have the trial court determine the question of custo-
dial environment because I believe that, on the pres-
ent record, the court could have made a conclusion
that no established custodial environment existed

with either parent. Likewise, I believe the court could have concluded that because the children lived with defendant, the only established custodial environment was with her. If so, its award to defendant of physical custody of the children would require affirmance because, except with regard to factor k, MCL 722.23(k); MSA 25.312(3)(k), I am satisfied that the trial court's findings of fact with respect to each of the factors in question are not contrary to the great weight of the evidence and that although factor k favored plaintiff, any error in that regard was harmless in light of the trial court's findings regarding the other best interest factors.

I also believe that the trial court erred in admitting the psychological report prepared by Dr. Andrew Maltz because plaintiff did object to the admission of the psychologist's report when defense counsel attempted to question defendant regarding the psychologist's conclusions. Although plaintiff's attorney indicated that he had "no problem with the court reviewing Dr. Maltz's report," that certainly did not constitute a waiver of his objection. The psychologist did not testify, and, without a stipulation by both parties that the report should be admitted, the report was not admissible. *Baluch v Baluch*, 180 Mich App 689, 693; 447 NW2d 775 (1989); *Petoskey v Kotas*, 147 Mich App 487, 490; 382 NW2d 804 (1985).

I would remand for a determination of custodial environment by the trial court, but bar the admission of the psychological report prepared by Dr. Maltz unless he testifies or the parties stipulate its admissibility.