# STATE OF MICHIGAN

# COURT OF APPEALS

RANE R. WALKER II,

        Plaintiff-Appellant,

v

SARAH JEAN WALKER,

        Defendant-Appellee.

UNPUBLISHED
April 13, 2017

No. 334752
Oakland Circuit Court
Family Division
LC No. 2009-765043-DM

Before: MARKEY, P.J., and WILDER and SWARTZLE, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order denying his motion to change custody and parenting time. We affirm.

The parties were divorced on March 22, 2010, and agreed to share joint legal and physical custody of their two minor children, XW and LW, through a consent judgment of divorce. Then, on May 4, 2010, plaintiff gave physical custody of the children to defendant because he believed that he could not join the military and maintain joint physical custody.

On December 28, 2010, plaintiff filed a motion to both set aside that consent order because he had not actually joined the military and to request sole physical custody of the children. Following mediation, the parties entered into a settlement agreement on October 18, 2011. The agreement provided that the parties would continue to share joint legal custody but that defendant would retain physical custody. The agreement also awarded plaintiff parenting time with the children every other weekend, from Friday to Monday, and every Wednesday.

Plaintiff filed another motion for modification of custody and other relief on February 27, 2015, requesting primary physical custody and asserting that defendant failed to meet the children's medical or hygiene needs, refused to allow him to have the children vaccinated, left the children unattended, refused to allow the children to see a psychologist outside of her Christian counselor, attempted to dissuade the children from discussing their feelings, and failed to ensure completion of the children's homework. The trial court held a hearing on March 11, 2015, and entered an order requiring the parties to follow a pediatrician's recommendations regarding vaccinations and that the children begin to see a counselor. The order also stated that plaintiff could allege a continuing pattern of behavior with regard to defendant in any future custody motions.

-1-

Finally, on April 15, 2016, plaintiff filed the motion at issue to change custody and parenting time, requesting that the court award joint physical custody with 50-50 parenting time. In support of his motion, plaintiff pointed to a letter sent to the trial court by the children's counselor, Dr. Priya K. Rao, in which the counselor alleged that defendant was resistant to coparenting, discouraged the children from discussing their feelings, left the children unattended, failed to ensure that the children maintained good hygiene, failed to require that the children complete their homework, and lacked time and attentiveness for the children. Following hearings on April 27, 2016, and May 18, 2016, the trial court entered an order determining that plaintiff had failed to meet the threshold necessary for entitlement to a hearing regarding modification of custody or parenting time.

Plaintiff first argues on appeal that he demonstrated a sufficient change of circumstances to warrant a hearing regarding change of custody. We disagree.

"This Court must affirm all custody orders unless the trial court's findings of fact were against the great weight of the evidence, the court committed a palpable abuse of discretion, or the court made a clear legal error on a major issue." *Berger v Berger*, 277 Mich App 700, 705; 747 NW2d 336 (2008), citing MCL 722.28. A trial court's findings of fact are against the great weight of the evidence if "the evidence clearly preponderates in the opposite direction." *McIntosh v McIntosh*, 282 Mich App 471, 474; 768 NW2d 325 (2009). This Court must defer to the credibility determinations made by the trial court. *Id*. at 474-475. "An abuse of discretion with regard to a custody issue occurs 'when the trial court's decision is so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias.' " *Mitchell v Mitchell*, 296 Mich App 513, 522; 823 NW2d 153 (2012), quoting *Berger*, 277 Mich App at 705. Finally, "[t]he clear legal error standard applies when the trial court errs in its choice, interpretation, or application of the existing law." *Shulick v Richards*, 273 Mich App 320, 323; 729 NW2d 533 (2006). "This Court reviews a trial court's determination regarding whether a party has demonstrated proper cause or a change of circumstances under the great weight of the evidence standard." *Corporan v Henton*, 282 Mich App 599, 605; 766 NW2d 903 (2009), citing *Vodvarka v Grasmeyer*, 259 Mich App 499, 507-508; 675 NW2d 847 (2003).

"MCL 722.27(1)(c) provides that if a child custody dispute has arisen from another action in the circuit court, the court may '[m]odify or amend its previous judgments or orders for proper cause shown or because of change of circumstances . . . .' " *Vodvarka*, 259 Mich App at 508 (alteration in original). The moving party must prove, by a preponderance of the evidence, the existence of proper cause or a change of circumstances before the trial court may conduct a hearing to review the custodial best-interest factors. *Corporan*, 282 Mich App at 603-604. "Although the threshold consideration of whether there was proper cause or a change of circumstances might be fact-intensive, the court need not necessarily conduct an evidentiary hearing on the topic." *Id*. at 605, citing *Vodvarka*, 259 Mich App at 512.

To demonstrate a change of circumstances, "a movant must prove that, since the entry of the last custody order, the conditions surrounding custody of the child[ren], which have or could have a *significant* effect on the child[ren]'s well-being, have materially changed." *Vodvarka*, 259 Mich App at 513. Further, "the evidence must demonstrate something more than the normal life changes (both good and bad) that occur during the life of a child, and there must be at least

some evidence that the material changes have had or will almost certainly have an effect on the child." *Id*. at 513-514. The escalation of disagreements between parties regarding matters that have a significant effect on the children's welfare may constitute proper cause or change of circumstances. See *Dailey v Kloenhamer*, 291 Mich App 660, 666; 811 NW2d 501 (2011).

On appeal, plaintiff argues only that he sufficiently demonstrated a change of circumstances to warrant a custody hearing. He does not assert that he established proper cause.

In support of his motion for a change of custody, plaintiff introduced a letter written by the children's counselor, which suggested that defendant discouraged the children from discussing their challenges, left the children to fend for themselves while in her care, failed to meet the children's hygiene needs, and failed to ensure that the children completed homework assignments. At the hearing on May 18, 2016, he also asserted that defendant's involvement in a domestic violence incident in 2013 and the CPS investigations against defendant warranted a change in custody.

In response, defendant, both directly and through counsel, contended that the children showered at her house, that she was encouraging XW to wear deodorant, and that the children were doing fine in school. Defendant's counsel also stated that it was plaintiff who had actually called CPS against defendant and that his claim was unsubstantiated. Further, when questioned by the trial court, plaintiff admitted that the children were doing well in school, that the children had not been involved in the 2013 domestic violence incident, and that he knew about the CPS involvement before the last motion hearing.

From this record, we conclude that the trial court did not err when it determined that plaintiff failed to demonstrate by a preponderance of the evidence a material change of circumstances which could have a significant effect on the children's well-being. As discussed above, most of plaintiff's allegations were disputed by defendant, and plaintiff presented limited substantive evidence. Many of the allegations amounted to normal life changes insufficient to warrant a change in custody. Hygiene issues and homework struggles are common for many children the same ages as XW and LW. Further, plaintiff admitted that the children had not been involved in defendant's 2013 domestic violence incident and that he knew of defendant's CPS contact before the last motion hearing. Thus, the trial court's determination that plaintiff failed to meet the threshold requisite to revisit custody was not against the great weight of the evidence; consequently, the trial court did not abuse its discretion by denying plaintiff's request for a custody hearing.

Second, plaintiff argues that he demonstrated a sufficient change of circumstances to warrant a hearing regarding modification of parenting time. We disagree.

"Orders concerning parenting time must be affirmed on appeal unless the trial court's findings were against the great weight of the evidence, the court committed a palpable abuse of discretion, or the court made a clear legal error on a major issue." *Shade v Wright*, 291 Mich App 17, 20-21; 805 NW2d 1 (2010) (citation omitted). The great weight of the evidence standard applies to this Court review of a trial court's determination regarding whether a party has demonstrated proper cause or a change of circumstances. *Corporan*, 282 Mich App at 605.

To make its determination regarding proper cause or change of circumstances in the context of a request to modify parenting time, a trial court should first look to the children's established custodial environment. "If a change in parenting time results in a change in the established custodial environment, then the *Vodvarka* framework is appropriate." *Shade*, 291 Mich App at 27. In contrast, "a more expansive definition of 'proper cause' or 'change of circumstances' is appropriate for determinations regarding parenting time when a modification in parenting time does not alter the established custodial environment." *Id*. at 27-28. Under this more expansive definition, "the very normal life change factors that *Vodvarka* finds insufficient to justify a change in custodial environment are precisely the types of considerations that trial courts should take into account in making determinations regarding modification of parenting time." *Id*. at 30.

An established custodial environment "is the environment in which 'over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort.' " *Pierron v Pierron*, 486 Mich 81, 85-86; 782 NW2d 480 (2010), quoting MCL 722.27(1)(c). Established custodial environments may exist with both parents at the same time. *Berger*, 277 Mich App at 707.

Although plaintiff does not argue on appeal that the trial court erred by failing to make a determination regarding the children's established custodial environment and does not actually assert that the *Shade* framework should apply to his request for modification of parenting time, it is clear from the record that the trial court made no findings or determinations regarding the children's established custodial environment. Instead, the trial court simply concluded that plaintiff had not met the threshold necessary to revisit parenting time.

Generally, where a trial court must determine whether an established custodial environment exists and fails to do so, " 'this Court will remand for a finding unless there is sufficient information in the record for this Court to make its own determination of this issue by de novo review.' " *Jack v Jack*, 239 Mich App 668, 670; 610 NW2d 231 (2000), quoting *Thames v Thames*, 191 Mich App 299, 304; 477 NW2d 496 (1991). There is insufficient evidence in the record for this Court to make a de novo determination regarding the children's established custodial environment. No real testimony was taken at the motion hearings, and this Court has not been provided with an FOC recommendation made near the time of the hearings. Thus, the trial court erred when it failed to make a determination regarding the children's established custodial environment.

We conclude, however, that the trial court's error was harmless. Even under the *Shade* framework expanding the definition of a change of circumstances, plaintiff failed to demonstrate a change of circumstances sufficient to warrant a parenting-time modification. As discussed above, in support of his request to change parenting time, plaintiff relied upon the counselor's letter to the trial court and the allegations made within, defendant's past domestic violence incident, and defendant's contact with CPS. Even assuming that if true, plaintiff's allegations amounted to the types of life changes sufficient to support a modification of parenting time, the trial court could have reasonably determined that they had not been proven by a preponderance of the evidence. The children's counselor did not testify at the hearings, and defendant disputed many of the claims. Further, plaintiff admitted that the children were doing well in school, that

the children had not been involved in defendant's 2013 domestic violence incident, and that he knew about defendant's contact with CPS before the last motion hearing.

We affirm.

/s/ Jane E. Markey
/s/ Kurtis T. Wilder
/s/ Brock A. Swartzle