*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RICHARD KHALED MALLAD,

    Plaintiff-Appellee,

v

STACI LYNN MALLAD,

    Defendant-Appellant.

UNPUBLISHED
February 09, 2026
9:41 AM

No. 374176
Wayne Circuit Court
LC No. 23-107925-DM

Before: O'BRIEN, P.J., and MURRAY and LETICA, JJ.

PER CURIAM.

Defendant appeals as of right the December 6, 2024 judgment of divorce, which divided the marital estate, reserved defendant's request for spousal support, and awarded the parties joint legal and physical custody of their four children. We affirm in part, vacate in part, and remand for further proceedings.

## I. BACKGROUND

The parties married in June 2008. They had four children during the marriage. When the parties married, defendant worked as a registered nurse, and plaintiff worked as a retail associate for Apple, Inc. After the birth of the two oldest children, the parties agreed that defendant would no longer work outside the home. Defendant homeschooled all the children.

In July 2023, plaintiff filed for divorce, and a bench trial commenced in July 2024. That trial spanned over four days, during which plaintiff and defendant offered dramatically different testimony on a variety issues, such as how involved plaintiff was in the children's lives, whether plaintiff attempted to introduce the children to Islam, and the children's education. Plaintiff testified about his income and his receipt of restricted stock units (RSUs) through Apple. Defendant planned to return to work as a registered nurse and was optimistic about her ability to obtain suitable employment. After the close of proofs, the trial court took the matter under advisement and conducted *in camera* interviews with the children.

On October 15, 2024, the trial court made rulings from the bench, and those rulings were eventually incorporated into the judgment of divorce issued on December 6, 2024. That judgment

-1-

granted the parties joint legal and physical custody of the children; ordered the parties to immediately list the marital home for sale and equally divide the net proceeds from the sale; ordered that the parties' assets be equally divided; and reserved the issue of spousal support.

This appeal followed.

## II. CUSTODY

Defendant argues that the trial court failed to make the necessary findings of fact to support its custody decision because the court did not explain its basis for concluding that an established custodial environment existed with both parties and failed to explain the basis for its best-interest findings. Plaintiff agrees that remand is necessary because the trial court failed to comply with the requirements of the Child Custody Act (CCA), MCL 722.21 *et seq*. We likewise agree and accordingly vacate the trial court's custody decision and remand for further proceedings.

## A. STANDARD OF REVIEW

Three standards of review apply in cases involving child-custody disputes—the trial court's factual findings are reviewed under the great-weight-of-the-evidence standard; the court's discretionary rulings are reviewed for an abuse of discretion; and the court's decisions on matters of law are reviewed for clear legal error. See *Kuebler v Kuebler*, 346 Mich App 633, 652-653; 13 NW3d 339 (2023); MCL 722.28. A finding of fact is against the great weight of the evidence if "the facts clearly preponderate in the opposite direction." *Kuebler*, 346 Mich App at 653 (quotation marks and citation omitted). A trial court in a child-custody case abuses its discretion when it renders a discretionary ruling that is "palpably and grossly violative of fact and logic." *Id*. (quotation marks and citation omitted). Clear legal error occurs when a trial court makes a mistake of law, such as misinterpreting or misapplying a statute. See *id*.

## B. ESTABLISHED CUSTODIAL ENVIRONMENT

Custody decisions are governed by the CCA. See *LeFever v Matthews*, 336 Mich App 651, 662; 971 NW2d 672 (2021). Any custody decision must consider what effect (if any) it has on a child's "established custodial environment." MCL 722.27(1)(c). It is for this reason that, before rendering a decision about custody, a court must first determine with whom the child has an established custodial environment. See *Bofysil v Bofysil*, 332 Mich App 232, 242; 956 NW2d 544 (2020). This "is an intense factual inquiry." *Foskett v Foskett*, 247 Mich App 1, 6; 634 NW2d 363 (2001). Under the CCA:

> The custodial environment of a child is established if over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort. The age of the child, the physical environment, and the inclination of the custodian and the child as to permanency of the relationship shall also be considered. [MCL 722.27(1)(c).]

Determining a child's established custodial environment "is a pivotal step" when making a decision about custody "because it dictates the applicable burden of proof." *Bofysil*, 332 Mich App at 243. If a party requests a custody decision that would alter a child's established custodial

environment, then that party must demonstrate by clear and convincing evidence that the requested custody determination is in the child's best interests. *Id*. If, on the other hand, a party requests a custody decision that would not alter a child's established custodial environment, then that party need only show by a preponderance of the evidence that the requested custody determination is in the child's best interests. *Id*.

The trial court here concluded that an "established custodial environment exist[s] with both parents," but it did not make any findings of fact to support this conclusion.[1] This error, while significant, only requires remand if there is not "sufficient information in the record for this Court to make its own determination of this issue by de novo review." *Jack v Jack*, 239 Mich App 668, 670; 610 NW2d 231 (2000) (quotation marks and citation omitted). See also *Brausch v Brausch*, 283 Mich App 339, 357 n 7; 770 NW2d 77 (2009).

We conclude that there is not sufficient information in the record for us to determine whether the trial court correctly concluded that an established custodial environment existed with both parties because there are simply too many outstanding factual disputes. The parties sharply disputed a number of issues that go to the heart of determining the children's established custodial environment, such as how involved plaintiff was in the children's lives and how the children viewed their father.[2] The trial court did not resolve any of the relevant factual disputes, and instead simply announced its ultimate conclusion without explanation. This Court is not a fact-finding court, so these factual disputes need to be resolved by the trial court before this Court can review the "intense factual inquiry" that is a determination of an established custodial environment. *Foskett*, 247 Mich App at 6.

## C. BEST-INTEREST FACTORS

Once a trial court has determined whether an established custodial environment exists, it must analyze the best-interest factors listed in MCL 722.23. *Kuebler*, 346 Mich App at 670-671. A trial court must state on the record its findings for each factor. *Id*. at 671.

The trial court here made findings for all of the best-interest factors listed in MCL 722.23—it concluded that they all either favored neither party or were inapplicable. But, in so doing, the trial court failed to make any factual findings to support its findings on the best-interest factors, leaving this Court with no way of reviewing whether the trial court reached a well-reasoned

---

[1] This was despite the fact that defendant argued that certain disputed facts supported finding that an established custodial environment existed with only her.

[2] While it may seem easy to conclude that the children here had an established custodial environment with both parties because everyone lived together (including during the pendency of this case), that is not the proper way to approach this inquiry. As our Supreme Court recently cautioned, while a court must consider a child's "physical environment" when determining the child's established custodial environment, courts should "not place too much or too little emphasis on the child's physical environment," as "it is not the only factor, and it is not alone dispositive." *Sabatine v Sabatine*, 513 Mich 276, 293; 15 NW3d 204 (2024).

conclusion. When this type of error occurs, "the proper remedy is reversal and a remand for a new child-custody hearing." *Rivette v Rose-Molina*, 278 Mich App 327, 330; 750 NW2d 603 (2008). See also *Foskett*, 247 Mich App at 12 ("Where a trial court fails to . . . make reviewable findings of fact, the proper remedy is to remand for a new child custody hearing.").

On remand, when the trial court addresses the children's established custodial environment and the best-interest factors, the court "should address the circumstances of the child as they exist at the time of remand." *Butters v Butters*, 510 Mich 1096, 1097 (2022). See also *Kessler v Kessler*, 295 Mich App 54, 63; 811 NW2d 39 (2011).[3]

## III. PROPERTY DIVISION

Defendant next argues that the trial court failed to make necessary findings of fact to support that its decision concerning division of the marital estate was equitable. Plaintiff agrees that the trial court did not make the required factual findings and that remand on this issue is required. We likewise agree that the trial court failed to make the necessary findings to support its property-division decision, which requires remand for further proceedings.

### A. STANDARDS OF REVIEW

A trial court's dispositional ruling should be "fair and equitable in light of the trial court's findings of fact," and this is reviewed for clear error, meaning that "this Court will reverse only if definitely and firmly convinced that the disposition is inequitable." *Woodington v Shokoohi*, 288 Mich App 352, 365; 792 NW2d 63 (2010). A trial court's factual findings supporting its dispositional ruling are likewise reviewed for clear error. *Cunningham v Cunningham*, 289 Mich App 195, 200; 795 NW2d 826 (2010). A finding is clearly erroneous if the reviewing court is left with a definite and firm conviction that the trial court made a mistake. *Id*.

### B. ANALYSIS

A judgment of divorce must include "a determination of the property rights of the parties." MCR 3.211(B)(3). The overarching goal when "distributing marital assets in a divorce proceeding is to reach an equitable distribution of property in light of all the circumstances." *Gates v Gates*, 256 Mich App 420, 423; 664 NW2d 231 (2003). Before the marital estate can be equitably divided, the court must determine what constitutes the marital estate, which requires differentiating between

---

[3] Defendant asks this Court to find that an established custodial environment existed solely with her, and that she was favored under best-interest factors (a), (b), (c), (d), (f), (h), and (j). It would be improper for this Court to reach these issues under the circumstances because the case needs to be remanded to the trial court to make the appropriate factual findings in the first instance. This Court can then review those findings and correct any errors as needed. Defendant also asks this Court to conclude that the trial court erred by concluding that joint custody was a viable option because the parties had shown that they were unable to coparent. See, e.g., *Bofysil*, 332 Mich App at 249. Because this case is being remanded for further proceedings, it is unnecessary for this Court to address this issue at this time, but the trial court is free to revisit the issue on remand.

"what property is marital and what property is separate." *Cunningham*, 289 Mich App at 200. "Generally, marital property is that which is acquired or earned during the marriage, whereas separate property is that which is obtained or earned before the marriage." *Id*. at 201. Each party is generally awarded their separate property without invasion by the other party, while the marital property is apportioned between the parties "in a manner that is equitable in light of all the cirumstances." *Id*.

Once the court has determined what assets are subject to division, it must then "make specific findings regarding the value of the property being awarded in the judgment." *Olson v Olson*, 256 Mich App 619, 627; 671 NW2d 64 (2003). There is no one right way to do this, and "the most important point is that the trial court is obligated to make such a valuation if the value is in dispute." *Id*.

After making these preliminary determiantions, the court should then set about dividing the marital estate. When doing so, the court must consider the following factors to the extent that they are relevant to a particular case:

> (1) duration of the marriage, (2) contributions of the parties to the marital estate, (3) age of the parties, (4) health of the parties, (5) life status of the parties, (6) necessities and circumstances of the parties, (7) earning abilities of the parties, (8) past relations and conduct of the parties, and (9) general principles of equity. There may even be additional factors that are relevant to a particular case. For example, the court may choose to consider the interruption of the personal career or education of either party. The determination of relevant factors will vary depending on the facts and circumstances of the case. [*Sparks v Sparks*, 440 Mich 141, 159-160; 485 NW2d 893 (1992) (citation omitted).]

The court "must make specific findings of fact" for any factor that applies, and it "must not assign disproportionate weight to any one circumstance." *McNamara v Horner*, 249 Mich App 177, 186; 642 NW2d 385 (2002). The court's ultimate "disposition of marital property is intimately related to its findings of fact." *Id*. at 188.

The parties here generally agreed that the marital estate should be equally divided, but they disagreed about what should be included in the marital estate. Most notably, plaintiff contended that his unvested RSUs should be considered separate property, while defendant contended that all of the RSUs should be considered marital property. For other property that the parties agreed was marital, they disagreed about the property's value.

When making its property decision, the court stated, "With regard to the assets, the Court is satisfied with the Plaintiff's proposed division of the marital assets. It clearly equalizes all of the assets right down the center and so do find that that is fair and equitable in this case." Clearly, this did not resolve the parties' dispute about what should be included in the marital estate, nor did it resolve the parties' dispute about what the value was of certain marital assets. Equally clear is that the court failed to consider the *Spark* factors or make any factual findings related to those factors. These omissions require that we vacate the trial court's decision concerning division of

the marital estate and remand for further proceedings.[4]  On remand, the trial court must first decide what is separate property and what is marital property.  The trial court must then place valuations on the parties' assets, including the bank accounts, the investment accounts, and the RSUs.  The court must then consider the relevant factors in *Sparks*, 440 Mich at 159-160; exercise its discretion in determining how to divide the marital estate; and explain why the division is equitable.  The trial court may hold additional hearings and receive additional exhibits and testimony as, in its discretion, it deems necessary.  See *Cunningham*, 289 Mich at 210.

## IV.  OTHER ISSUES

Defendant raises two other issues on appeal.  First, she contends that the trial court erred by reserving the issue of spousal support.  Second, she contends that the trial court erred by failing to rule on the issue of paying for the children's extracurricular activities, namely two of the children's gymnastic classes.

On the first point, the trial court was permitted to reserve the issue of spousal support, see MCR 3.211(B)(4), and there was nothing improper about the trial court doing so here, especially while the sale of the marital home was pending.  That said, the trial court should address the spousal support issue on remand when it addresses the property distribution.  See *Magee v Magee*, 218 Mich App 158, 165-166; 553 NW2d 363 (1996) (explaining that "the alimony award goes hand in glove with the property distribution") (quotation marks and citation omitted).

As for the issue of who should pay for the children's gymnastic classes, because this case is already being remanded, we direct the court to address the issue of paying for the children's gymnastic classes, and to make any adjustments to other decisions as necessary to resolve the issue.[5]

## V.  CONCLUSION

We vacate the trial court's decisions concerning custody and property division and remand for further proceedings consistent with this opinion.  In all other respects, the matter is affirmed.  We do not retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Christopher M. Murray
/s/ Anica Letica

---

[4] We decline plaintiff's invitation to leave the court's property division in place and allow the court to create a factual record and then, in its discretion, consider whether to redistribute the assets.

[5] Because we are remanding with instructions for the court to address spousal support and extracurricular activities, we need not reach the constitutional issue that defendant raises with respect to these issues.